United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL HOA,

        Plaintiff,

    v.

MATHEW CATE, *et al.*,

        Defendants.

_____/

No. C-12-2078 EMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**(Docket No. 21)**

        Plaintiff Paul Hoa has filed suit against, *inter alia*, the state of California, the California Department of Corrections and Rehabilitation ("CDCR"), Mathew Cate (the Secretary for the CDCR), and San Quentin Prison (collectively, the "State Defendants"). In his complaint, Mr. Hoa seeks money damages based on injuries he sustained while a prisoner at San Quentin Prison. Mr. Hoa suffered severe physical injuries when a trailer truck crashed into him while he was working in the loading dock at the prison.

        Currently pending before the Court is the State Defendants' motion to dismiss. The Court finds this matter suitable for disposition without oral argument and therefore **VACATES** the hearing set for September 14, 2012. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion.

///

///

///

///

## I. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

In the case at bar, the State Defendants have challenged each of the claims that has been asserted against them. Those claims are as follows: (1) violation of 42 U.S.C. § 1983 (Counts I and II); (2) public entity liability for dangerous condition of public property (Count VI); and (3) public entity liability for acts of agents (Count VII).

B. Section 1983 Claims

Mr. Hoa has brought § 1983 claims against each of the State Defendants.

The § 1983 claims against the state of California are dismissed with prejudice. California has Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989) (concluding that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"). In addition, California is not a "person" who may be sued for purposes of § 1983. *See id.* at 71 ("hold[ing] that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). This applies to the § 1983 claims alleging a

violation of the Eighth Amendment. *See Martin v. Chugh*, 301 Fed. Appx. 719, 720 (9th Cir. 2008) (holding that district court properly dismissed § 1983 claim against Washington state based on deliberate indifference to medical need because "because a state is not a 'person' amenable to suit under section 1983").

The § 1983 claims against CDCR and San Quentin Prison are also dismissed with prejudice because they are simply arms of the state. To the extent Mr. Hoa contends that this is a factual question, the Court does not agree. Ninth Circuit case law establishes that both are arms of the state. *See Christman v. Micheletti*, 302 Fed. Appx. 742, 743 (9th Cir. 2008) (stating that "[t]he district court properly dismissed [the plaintiff's] claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under section 1983"); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (noting that "state agencies such as the California Adult Authority and the California Department of Corrections, which are but arms of the state government, are not 'persons' within the meaning of the Civil Rights Act"); *Allison v. California Adult Authority*, 419 F.2d 822, 822-23 (9th Cir. 1969) (noting that "state agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act [and] [t]herefore plaintiff would not be entitled to relief against the California Adult Authority or San Quentin State Prison").

Finally, the § 1983 claims against Mr. Cate in his official capacity are dismissed with prejudice as such claims are simply claims against the state. *See Will*, 491 U.S. at 71 ("hold[ing] that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). However, the claims against Mr. Cate in his individual or personal capacity shall not, at this juncture, be dismissed.[1] *See, e.g.*, *Snyder v. City & County of San Francisco*, 288 Fed. Appx. 346, 348 (9th Cir. 2008) (noting that "[a] supervisor may be liable for constitutional violations under § 1983 if there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation'").

---

[1] The Court is satisfied that Mr. Hoa has asserted claims against Mr. Cate in his individual capacity. Although the amended complaint does state at one point that Mr. Cate "is sued in his official capacity," FAC ¶ 1, it later clarifies that he is actually being sued in both his official and individual capacity. *See* FAC ¶¶ 128-29.

C. <u>Public Entity Liability Claims</u>

Mr. Hoa has brought the public liability claims against the state, CDCR, and the prison. These claims arise out of state law, more specifically, the California Tort Claims Act ("CTCA"). *See Ducey v. Argo Sales Co.*, 25 Cal. 3d 707, 715 (1979) (noting that "section 835 of the Government Code [is] one of the principal sections of the comprehensive California Tort Claims Act dealing with governmental liability for 'Dangerous Conditions of Public Property'"); *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998) (noting that, through California Government Code § 815.2(a), which provides that a public entity is liable for injury proximately caused by an employee, "the California Tort Claims Act expressly makes the doctrine of respondeat superior applicable to public employers").

The public liability claims against the state, CDCR, and the prison are dismissed with prejudice. As the State Defendants argue, each has Eleventh Amendment immunity with respect to these claims. In *Riggle v. California*, 577 F.2d 579 (9th Cir. 1978), the Ninth Circuit expressly held that the CTCA does not waive a state or state agency's Eleventh Amendment immunity from being sued in federal court. *See id.* at 585-86 (noting that the CTCA "does not appear to contain a waiver of immunity which extends further than the California state courts"); *see also Boyd v. Office of Risk Ins. Mgmt.*, 471 Fed. Appx. 594, 594 (9th Cir. 2012) (applying *Riggle*).

## II. <u>CONCLUSION</u>

For the foregoing reasons, all claims against California, CDCR, and San Quentin are dismissed with prejudice. In addition, the § 1983 claims against Mr. Cate in his official capacity are dismissed with prejudice. The § 1983 claims against Mr. Cate in his individual capacity are not dismissed.

IT IS SO ORDERED.

Dated: September 10, 2012

_____
EDWARD M. CHEN
United States District Judge