1  KAMALA D. HARRIS
   Attorney General of California
2  JAY M. GOLDMAN
   Supervising Deputy Attorney General
3  MANEESH SHARMA
   Deputy Attorney General
4  State Bar No. 280084
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5553
6    Fax:  (415) 703-1234
     E-mail:  Maneesh.Sharma@doj.ca.gov
7  *Attorneys for Defendant Matthew Cate*

8

9                IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  **PAUL HOA,**                          C 12-2078 EMC

14                          Plaintiff,

15          v.                             **DEFENDANT'S NOTICE OF MOTION
                                           AND MOTION TO DISMISS UNDER
16                                         RULE 12(B)6 AND FOR QUALIFIED
    **STATE OF CALIFORNIA, et al.,**       IMMUNITY; MEMORANDUM OF
17                                         POINTS AND AUTHORITIES**
                           Defendants.
18                                         Date:         November 2, 2012
                                           Time:         1:30 p.m.
19                                         Dept:         5
                                           Judge:        The Hon. Edward M. Chen
20                                         Trial Date:   None
                                           Action Filed: April 25, 2012
21

22

23

24

25

26

27

28

Def.'s Notice of Mot. & Mot. to Dismiss (C 12-2078 EMC )

1

**TABLE OF CONTENTS**

2

**Page**

3  Memorandum of Points and Authorities ........................................................................... 1

4  Introduction .................................................................................................................... 1

   Statement of Issues ........................................................................................................ 2

5  Statement of the Case .................................................................................................... 2

6       I.     Statement of facts .......................................................................................... 2

7            A.    Plaintiff's allegations concerning injuries sustained on July 27, 2011 ............................................................................................... 2

8            B.    Plaintiff's allegations concerning Defendant's actions, inactions, and knowledge ........................................................................... 2

9  Argument ....................................................................................................................... 3

10      I.     Plaintiff's complaint fails to state a claim against Defendant. ........................ 3

11           A.    The standard for a Rule 12(b)(6) motion to dismiss. .......................... 3

12           B.    Plaintiff fails to state a plausible claim to relief for supervisory liability against Defendant. ............................................................... 4

13           C.    Plaintiff fails to allege facts to show Defendant acted or failed to act with deliberate indifference ............................................................... 5

14                1.    Plaintiff Fails to Allege Facts to Show Defendant Was "Deliberately Indifferent" Under Any Theory of

15                    Supervisory Liability............................................................. 6

16                 2.    Plaintiff  Failed to Allege Sufficient Facts to Show a Causal Connection Between Defendant's Individual Action or Inaction and Plaintiff's Injury. ....................................... 7

17      II.    Defendant is entitled to qualified immunity............................................. 9

18 Conclusion ................................................................................................................. 10

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anderson v. Creighton*
   483 U.S. 635 (1987)............................................................................................... 10

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)............................................................................................ 3, 4, 5, 8

*Balistreri v. Pacifica Police Dep.'t*
   901 F.2d 696 (9th Cir. 1990)..................................................................................... 3

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007)............................................................................................... 3, 8

*Farmer v. Brennan*
   511 U.S. 825 (1994)............................................................................................... 6, 7

*Hansen v. Black*
   885 F.2d 642 (9th Cir. 1989).................................................................................... 4

*Harlow v. Fitzgerald*
   457 U.S. 800 (1982)............................................................................................... 9

*Hydrick v. Hunter*
   669 F.3d 937 (9th Cir. 2012).............................................................................. 6, 7, 8, 9

*Leer v. Murphy*
   844 F.2d 628 (9th Cir. 1988).................................................................................... 5, 7

*Moss v. U.S. Secret Serv.*
   572 F.3d 962 (9th Cir. 2009).................................................................................... 4

*Moss v. U.S. Secret Serv.*
   675 F.3d 1213 (9th Cir. 2012)................................................................................ 4, 5, 8

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001).................................................................................... 3

*Pearson v. Callahan*
   555 U.S. 223 (2009)............................................................................................... 10

*Redman v. County of San Diego*
   942 F.2d 1435 (9th Cir. 1991).................................................................................. 5

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Saucier v. Katz*
    533 U.S. 194 (2001)..............................................................................................9, 10

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001)........................................................................................3

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011)...............................................................................4, 6, 7

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989).......................................................................................8

*Thompson v. Davis*
    295 F.3d 890 (9th Cir. 2002)........................................................................................3

*Van Ort v. Estate of Stanewich*
    92 F.3d 831 (9th Cir. 1996)..........................................................................................8

**STATUTES**

United States Code, Title 28,
    § 1983.........................................................................................................1, 4, 7

**COURT RULES**

Federal Rule of Civil Procedure,
    Rule 8(a).................................................................................................................7
    Rule 12(b)(6)........................................................................................................1, 3

iii

1    **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD**:

2        PLEASE TAKE NOTICE that on Friday, November 2, 2012, at 1:30 p.m, or as soon

3    thereafter as the matter may be heard before the Honorable Edward M. Chen, United States

4    District Judge, in Courtroom 5 (17th Floor) of the above-entitled court, located at the Federal

5    Building, 450 Golden Gate Avenue, California, Defendant Matthew Cate (Defendant) will, and

6    hereby does, move the Court to dismiss Plaintiff Paul Hoa's (Plaintiff) claims under Federal Rule

7    of Civil Procedure 12(b)(6).

8        PLEASE ALSO TAKE NOTICE that Defendant moves to dismiss based upon qualified

9    immunity.

10       Defendant's motion is based on this notice of motion and motion, the memorandum of

11   points and authorities, the request for judicial notice, as well as the pleadings and records on file

12   in this case.

13                           **MEMORANDUM OF POINTS AND AUTHORITIES**

14                                           **INTRODUCTION**

15       Plaintiff seeks to hold Defendant, who is the Secretary of the California Department of

16   Corrections and Rehabilitation (CDCR), individually liable under 28 U.S.C. § 1983 for injuries

17   Plaintiff sustained in an alleged vehicle accident that occurred at a San Quentin loading dock

18   while he was working as an inmate-worker.

19       In an attempt to tie his injuries to Defendant, Plaintiff asserts numerous conclusory and

20   disconnected allegations regarding Defendant's role as Secretary for the entire CDCR prison

21   system, the "obviousness" of risk of workplace injuries, an alleged lack of adequate safety

22   procedures at the loading dock, Defendant's knowledge of system wide prison overcrowding, and

23   a purported relationship between prison overcrowding and loading dock safety procedures.  In

24   sum, Plaintiff alleges that he was hit by a truck at a loading dock, and California's state prison

25   population exceeds the systems design capacity, therefore Defendant Cate should be liable for an

26   alleged civil rights violation because he is the Secretary of CDCR.  Plaintiff fails to allege any

27   actual facts that would state a civil rights claim against Defendant for supervisorial liability under

28   § 1983 for an alleged civil rights violation.

1

1    Therefore, Plaintiff has failed to state a claim against Defendant.  Also, Defendant is

2  entitled to qualified immunity because, based on the law and the allegations in Plaintiff's

3  complaint, there no basis for a reasonable official conclude that Defendant violated a clearly

4  established constitutional right.

5    Therefore, Defendant respectfully requests that Plaintiff's complaint be dismissed.

6                              **STATEMENT OF ISSUES**

7    1.    Should Plaintiff's supervisory claim be dismissed because he has failed to allege facts

8  that, if assumed true, would state a claim for relief under § 1983?

9    2.    Is Defendant entitled to qualified immunity because Plaintiff failed to allege facts

10  that, if assumed true, would state a claim for relief under §1983?

11                            **STATEMENT OF THE CASE**

12  **I.   STATEMENT OF FACTS[1]**

13    **A.    Plaintiff's Allegations Concerning Injuries Sustained on July 27, 2011**

14    Plaintiff alleges that on July 27, 2011 he was stuck and injured by a vehicle while working

15  as an inmate prisoner on a San Quentin State Prison loading dock.  (Pl. Am. Compl. ¶¶ 61-72.)

16  Plaintiff alleges that the driver of vehicle was negligent and that warning features on the vehicle,

17  such as lights and beeping, failed to activate.  (Pl. Am. Compl. ¶¶ 61-72.)  Plaintiff describes the

18  loading dock procedures in detail and alleges that the safety procedure on the loading dock and

19  training provided to him were inadequate in a number of respects.  (Pl. Am. Compl. ¶¶ 24-41, 73-

20  78.)

21    **B.    Plaintiff's Allegations Concerning Defendant's Actions, Inactions, and
          Knowledge**

22
    Plaintiff alleges that as Secretary of CDCR, Defendant is personally responsible for the San

23
  Quentin loading dock operations and all policies concerning prisoner safety in assigned work

24
  duties.  (Pl. Am. Compl. ¶ 1.)  With regard to Defendant the remaining allegations in the

25
  complaint consist of (1) conclusory allegations regarding the alleged common knowledge of the

26  ──────────────────

27    [1] These facts are derived from Plaintiff's Amended Complaint.  Defendant does not
  concede the veracity of these allegations, and sets them forth here solely for purposes of this
  motion to dismiss.

28

                                         2

1   risk of workplace injuries, (2) conclusory allegations that Defendant was aware of such risks, (3)

2   allegations regarding prison overcrowding, (4) conclusory allegations that safety procedures at

3   the loading dock were related to, or resulted from, prison overcrowding, (5) conclusory

4   allegations that Defendant was deliberately indifferent, and (6) conclusory allegations that

5   Defendant failed to train subordinates and engaged in conduct that was intended to harm Plaintiff.

6   (Pl. Am. Compl. ¶¶ 40-41, 44-60, 79-113, 126, 131-144.)

7        Notably, Plaintiff does not assert factual allegations that, if assumed true, would allege that

8   the size of the prison population at San Quentin had anything to do with the truck accident that

9   caused his injury.  (*See generally* Pl. Am. Compl.)  Nor does Plaintiff allege that Defendant was

10  present at San Quentin during the time Plaintiff sustained his injury or was individually

11  responsible for putting the San Quentin loading dock procedures into place.  (*See generally* Pl.

12  Am. Compl.)

13                                      **ARGUMENT**

14  **I.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT.**

15       **A.    The Standard For A Rule 12(b)(6) Motion To Dismiss.**

16       A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the

17  complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where

18  the complaint lacks sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica*

19  *Police Dep.'t*, 901 F.2d 696, 699 (9th Cir. 1990).

20       To sufficiently state a claim to relief, a pleading "does not need detailed factual allegations"

21  but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

22  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court must assume the truth of facts

23  presented and construe all inferences from them in the light most favorable to the nonmoving

24  party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, "[t]hreadbare recitals of

25  the elements of a cause of action, supported by mere conclusory statements, do not suffice."

26  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

27  A court is not "required to accept as true allegations that are merely conclusory, unwarranted

28  deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d

3

1   979, 988 (9th Cir. 2001).   Instead, a complaint "must contain sufficient factual matter, accepted

2   as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677.

3        The Supreme Court has set out a two-pronged approach for reviewing possible failure to

4   state a claim. *Iqbal,* 556 U.S. at 678.  First, the reviewing court may identify those statements in

5   a complaint that are actually conclusions, even if presented as factual allegations. *Id*.  Such

6   conclusory statements (unlike proper factual allegations) are not entitled to a presumption of

7   truth. *Id.*  In this context it is the conclusory nature of the statements (rather than any fanciful or

8   nonsensical nature) "that disentitles them to the presumption of truth." *Id.* at 681.  Second, the

9   reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and

10   determines whether these factual allegations and reasonable inferences from them plausibly

11   support a claim for relief. *Id.* at 679.

12        If it is clear that a complaint cannot be cured by amendment, the court may dismiss without

13   leave to amend. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

14        **B.    Plaintiff Fails To State A Plausible Claim to Relief For Supervisory
             Liability Against Defendant.**

15

16        In this matter Plaintiff seeks to hold Defendant individually liable for his supervisory

17   actions.  (Pl. Am. Compl. ¶¶ 128-129.)  Under §1983 a supervisor may not be held liable solely

18   on the basis of his organizational role as the head of an agency. *Moss v. U.S. Secret Serv.*, 675

19   F.3d 1213, 1231 (9th Cir. 2012).  A supervisory official is also not liable for the actions of

20   subordinates on any theory of vicarious liability under § 1983. *Hansen v. Black*, 885 F.2d 642,

21   645-46 (9th Cir. 1989).  A supervisor may only be held "individually liable in §1983 suits when

22   culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205

23   (9th Cir. 2011).

24        The Ninth Circuit recently listed "the circumstances under which supervisors may be held

25   liable under § 1983 as follows: (1) for setting in motion a series of acts by others, or knowingly

26   refusing to terminate a series of acts by others, which they knew or reasonably should have

27   known would cause others to inflict constitutional injury; (2) for culpable action or inaction in

28   training, supervision, or control of subordinates; (3) for acquiescence in the constitutional

4

1   deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to

2   the rights of others." *Moss v. U.S. Secret Serv.*, 675 F.3d at 1231 (internal citation and quotation

3   marks omitted). To allege a claim based upon a supervisor's issuance of a policy, a plaintiff must

4   plead that a supervisorial defendant implemented "a policy so deficient that the policy 'itself is a

5   repudiation of constitutional rights' and is 'the moving force behind the constitutional violation.'"

6   *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

7          Plaintiff asserts that Defendant has committed a panoply of supervisory liability violations,

8   including "acquiescence in constitutional deprivations," "conduct that showed a reckless or

9   callous indifference," and "participation in the training, supervision, and control of subordinates."

10   (Pl. Am. Compl. ¶¶ 128-129.) However, Plaintiff has failed to allege facts supporting any

11   violation and such "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677.

13          The crux of Plaintiff's claim against Defendant is his allegation that Plaintiff "is personally

14   responsible for the operation of all prison facilities including the area used to load and unload

15   goods containing the loading dock of the Prison, and is personally responsible for the policies that

16   disregards [sic] the personal safety of prisoners in their assigned work duties." (Pl. Am. Compl. ¶

17   1.) This allegation is a conclusory legal assertion couched as fact. But mere "recitations of the

18   organizational role of [supervisors]" do not suffice to show direct involvement in constitutional

19   violations. *Moss v. U.S. Secret Serv.*, 675 F.3d at 1231.

20     **C.    Plaintiff Fails to Allege Facts to Show Defendant Acted or Failed to Act
              With Deliberate Indifference**
21

22          Plaintiff's also fails to state a claim for supervisory liability against Defendant because he

23   fails to allege facts showing Defendant acted or failed to act with deliberate indifference. When

24   an inmate or former inmate seeks damages against an individual defendant for violations of a

25   right to personal safety, as Plaintiff does here, he must show that "(1) that the specific prison

26   official, in acting or failing to act, was deliberately indifferent . . . and (2) that this indifference

27   was the actual and proximate cause of the deprivation." *Leer v. Murphy*, 844 F.2d 628, 634 (9th

28   Cir. 1988). Plaintiff's complaint fails to allege sufficient facts to state a claim for relief because

5

1   Plaintiff has not alleged a fact, rather than a conclusion, alleging how Defendant was deliberately

2   indifferent to the risk of harm, if any, to Plaintiff on the San Quentin loading dock that could

3   somehow be caused by prison overcrowding.  Nor has Plaintiff made factual allegations that

4   Defendant's individual actions were the actual and proximate cause of Plaintiff's injuries.

5   **1. Plaintiff Fails to Allege Facts to Show Defendant Was "Deliberately Indifferent" Under Any Theory of Supervisory Liability.**

6

7   "[D]eliberate indifference entails something more than mere negligence." *Farmer v.*

8   *Brennan*, 511 U.S. 825, 835 (1994).  Under the deliberate indifference standard a plaintiff must

9   show that an "official knows of and disregards an excessive risk to inmate health or safety; the

10  official must both be aware of facts from which the inference could be drawn that a substantial

11  risk of serious harm exists, and he must also draw the inference." *Id* at 837.  Deliberate

12  indifference is not an objective standard and a plaintiff may not premise liability on the

13  obviousness of a risk.  *Id* at 841-842.

14  In *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012) the court examined a supervisory

15  liability claim against prison officials in their individual capacity.  There the plaintiffs relied on

16  allegations that:  (1) the defendants' policies subjected plaintiffs to constitutional violations and

17  (2) defendants had personal knowledge of the constitutional deprivations.  *Id.* at 941-942.  But the

18  plaintiffs did not allege how each individual defendant instituted any specific policy, nor allege

19  specifically how each defendant was aware of the constitutional deprivations.  *Id.* at 942.  In

20  finding that plaintiffs had not sufficiently pled facts showing deliberate indifference against

21  prison officials, the court distinguished the plaintiffs' the "bald" and "conclusory" allegations

22  from the detailed factual allegations in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  *Hydrick,*

23  669 F.3d at 941.  In *Starr*, plaintiff alleged a supervisory liability claim against the defendant,

24  who was the head of the county prison system, for injuries sustained in attacks by other inmates

25  and prison guards.  In contrast to *Hydrick*, the plaintiff's complaint in *Starr* alleged numerous

26  specific instances where the defendant was notified of the actual risks to inmates and

27  unconstitutional actions by subordinates.  *Starr*, 652 F.3d at 1207.

28

6

1   Here, Plaintiff's complaint is similar to that in *Hydrick*. Plaintiff does not allege facts

2   showing Defendant had actual knowledge of and disregarded an excessive risk to Plaintiff's

3   health and safety. The complaint contains solely conclusory statements that the risk of injury to

4   Plaintiff on the loading dock was obvious and that Defendant was aware of such risks. (Pl. Am.

5   Compl.¶¶ 44-60, 110-112.) These conclusory allegations do not demonstrate that Defendant had

6   actual knowledge of any risks to Plaintiff or others at the San Quentin loading dock, and do meet

7   the pleading standard required by Federal Rule of Civil Procedure 8(a). *Farmer v. Brennan*, 511

8   U.S. 825, 842 (1994) (holding that deliberate indifference standard does not permit liability to be

9   premised on obviousness); *Hydrick*, 669 F.3d at 942 (conclusory allegations "that 'Defendants

10  have personal knowledge'" are insufficient to meet pleading standard). Unlike the facts in *Starr*,

11  Plaintiff has not alleged any specific instances where Defendant was notified of risk of harm or

12  actual injury to inmates at the San Quentin loading dock. *Starr*, 652 F.3d at 1208-1209. Plaintiff

13  apparently attempts to blur this defect in his complaint by alleging that Defendant Cate had

14  knowledge of prison overcrowding. But this cannot save Plaintiff's claim because he does not

15  allege facts to show how Defendant's knowledge of prison overcrowding would cause Defendant

16  to infer a substantial risk of harm of the workplace vehicle injury allegedly suffered by Plaintiff.

17  Nor has he alleged any facts that would show Defendant was informed or warned that prison

18  overcrowding could lead to such a vehicle injury.

19      **2. Plaintiff Failed to Allege Sufficient Facts to Show a Causal Connection
         Between Defendant's Individual Action or Inaction and Plaintiff's**
20      **Injury.**

21  Even if Plaintiff had established that Defendant was deliberately indifferent, Plaintiff has

22  not shown that Defendant's "indifference was the actual and proximate cause of the deprivation."

23  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In the present manner Plaintiff seeks

24  damages from Defendant. "When plaintiffs, such as the inmates, seek to hold an individual

25  defendant personally liable for damages, the causation inquiry . . . must be more refined." *Id.* at

26  633-634. The inquiry into causation must be individualized and focus on the duties and

27  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

28  constitutional deprivation. *Id.* at 633. In addressing causation in § 1983 actions, the Ninth

7

1    Circuit relies on traditional tort law analysis. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837

2    (9th Cir. 1996).

3          Plaintiff has failed to plead sufficient facts to allege Plaintiff's individual involvement in

4    training and supervising subordinates. In asserting a supervisory liability claim for failure to train

5    or supervise subordinates, plaintiffs must allege with specificity the supervisors personal

6    participation, direction, or knowledge of unconstitutional action. *Taylor v. List*, 880 F.2d 1040,

7    1045 (9th Cir. 1989). Plaintiff's generic allegation that "[o]n information and belief . . . state

8    defendants' failure to properly train its employees cause the deprivation of the Plaintiff's civil

9    rights," is conclusory and not sufficient to state a claim against Defendant. *Moss v. U.S. Secret*

10   *Serv.*, 675 F.3d 1213, 1231 (9th Cir. 2012) Plaintiff has not identified any facts regarding the

11   purported the actions or inactions that Defendant individually took in training his subordinates, let

12   alone allege in what way such training was deficient. (*See generally* Pl. Am. Compl.)

13         Nor has Plaintiff set forth any facts demonstrating that Defendant's individual "conduct . . .

14   shows a reckless or callous indifference to the rights of Plaintiffs [sic]" (Pl. Am. Compl. ¶ 128).

15   Again, Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere

16   conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677 (*citing Bell Atl. Corp. v. Twombly*,

17   550 U.S. at 555).

18         Plaintiff has also failed to allege facts showing that Defendant was individually involved in

19   instituting any policy which purportedly led to Plaintiff's injury. (*See generally* Pl. Am. Compl.)

20   Plaintiff's only references to Defendant's promulgation of a policy are generic allegations that

21   Plaintiff was supervised by contractors who work "according to guidelines and policies developed

22   and enforced by the state defendants" and "the rules of the CDCR did not permit the truck driver

23   to exit the vehicle." (Pl. Am. Compl. ¶¶32, 39.) But these allegations do not contain facts

24   demonstrating Defendant's individual involvement in creating or issuing such guidelines and

25   rules, and thus do not rise to the level of specificity required by *Iqbal*. *Hydrick v. Hunter*, 669

26   F.3d 937, 942 (9th Cir. 2012) (holding "[t]he absence of specifics is significant because, to

27   establish individual liability under 42 U.S.C. § 1983, a plaintiff must plead that each

28

8

1   Government-official defendant, through the official's own individual actions, has violated the

2   Constitution").

3       Even if Plaintiff had plead facts showing Defendant's individual involvement in the San

4   Quentin loading dock policy, Plaintiff has not alleged any fact that, if assumed to be true, would

5   show the policy in question is the moving force behind a constitutional violation.  Plaintiff has

6   alleged multiple intervening causes of his injury, including but not limited to, the failure of the

7   truck driver to "wait for Plaintiff to unlock the rear of the truck," the failure of the truck driver to

8   "wait for Plaintiff to provide the hand signal before reversing his trailer," and the failure of the

9   truck's warning signals to activate.  (Pl. Am. Compl. ¶¶ 71, 67.)

10      Plaintiff's failure to identify "a *specific* policy implemented by the Defendant[] or a *specific*

11  event or events instigated by the Defendant[] that led to the purportedly unconstitutional"

12  violation means that the court should grant the motion to dismiss.  *Hydrick v. Hunter*, 669 F.3d

13  937, 942 (9th Cir. 2012).

14  **II.  DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.**

15      Qualified immunity shields government officials from suit, even if their actions were

16  unconstitutional, as long as those officials' actions "d[id] not violate clearly established statutory

17  or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

18  457 U.S. 800, 818 (1982).  Qualified immunity ensures that officials are on notice that their

19  conduct is unlawful before they are subjected to suit. *Saucier v. Katz*, 533 U.S. 194, 205-06

20  (2001).

21      In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a particular sequence

22  of questions to be considered in determining whether qualified immunity exists.  The Court must

23  consider whether: "[t]aken in the light most favorable to the party asserting the injury, do the facts

24  alleged show the officer's conduct violated a constitutional right?" *Id.* at 201.  If no

25  constitutional right was violated if the facts were as alleged, the inquiry ends and Defendant

26  prevails. *Id.*  If, however, "a violation could be made out on a favorable view of the parties'

27  submissions, the Court must consider whether the right was clearly established. . . . 'The

28  contours of the right must be sufficiently clear that a reasonable official would understand that

9

1  what he is doing violates that right.'" *Id.* at 201-02 (*quoting Anderson v. Creighton*, 483 U.S. 635,

2  640 (1987)).  The Supreme Court has held that the Court may exercise its discretion to decide

3  which of the two prongs of the qualified immunity analysis should be addressed first: whether a

4  violation of a clearly established constitutional right occurred, or whether the official could have

5  reasonably believed that his particular conduct was lawful.  *Pearson v. Callahan*, 555 U.S. 223,

6  236 (2009).

7      The qualified immunity defense allows mistakes even if the law was clearly established.

8  *Saucier,* 533 U.S. at 205.  The officer is entitled to qualified immunity if the "mistake as to what

9  the law requires is reasonable" under the circumstances.  *Id*.

10     As argued above, Plaintiff has failed to a state claim against Defendant for a violation of a

11  constitutional right.  As a result Plaintiff cannot fulfill the first prong of *Saucier* and Defendant is

12  entitled to qualified immunity.

13                          **CONCLUSION**

14     Plaintiff's claims against Defendant must be dismissed without leave to amend because he

15  has failed to allege facts that, if assumed true, would state a claim for relief for supervisory

16  liability.

17     Defendant is also entitled to qualified immunity because Plaintiff fails to state a claim that

18  Defendant's conduct violated a constitutional right.

19

20  Dated:  September 27, 2012                Respectfully Submitted,

21                                 KAMALA D. HARRIS
                                   Attorney General of California
22                                 JAY M. GOLDMAN
                                   Supervising Deputy Attorney General
23

24

25                                 *s/ Maneesh Sharma*
                                   MANEESH SHARMA
26                                 Deputy Attorney General
                                   *Attorneys for Defendants*
27

28  SF2012205056
    20640493.doc

                          10

Def.'s Notice of Mot. & Mot. to Dismiss (C 12-2078 EMC )

# CERTIFICATE OF SERVICE

Case Name:   **P. Hoa v. M. Cate, et al**                    No.    **C 12-2078 EMC**

I hereby certify that on **September 27, 2012**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)6 AND FOR QUALIFIED IMMUNITY; MEMORANDUM OF POINTS AND AUTHORITIES

2. PROPOSED ORDER IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 27, 2012**, at San Francisco, California.


|                D. Criswell                |                *s/ D. Criswell*                |
| :---: | :---: |
| Declarant | Signature |

20640753.doc