United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA, | No. C-12-2078 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| MATHEW CATE, *et al.*, | **(Docket No. 32)** |
| Defendants. | |
| _____/ | |

Having considered the motion, all papers that are related thereto, and the argument of counsel, the Court hereby **GRANTS** Defendant Matthew Cate's motion to dismiss for the reasons stated on the record, and as summarized, in part, below.

The Court already disposed of the causes of action asserted against Cate in his official capacity. *See* Order, Docket No. 29. Cate now moves to dismiss the causes of action asserted against him in his individual capacity under 42 U.S.C. § 1983, consisting of Counts I and II of Plaintiff's first amended complaint, for which he is the sole named Defendant. *See* FAC, Docket No. 17, ¶¶ 114-69.

The Court **DISMISSES** without prejudice Counts I and II of Plaintiff's first amended complaint. In a § 1983 suit, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisor may be held liable for the actions of his or her subordinates "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between

the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)).

> The requisite causal connection can be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

*Id.* at 1207-08 (internal citations, alterations, and quotation marks omitted).

Here, Plaintiff does not make any specific allegations about how Cate's conduct caused his constitutional deprivation, beyond conclusory statements regarding his knowledge of prison overcrowding. To maintain his causes of action against Cate under § 1983, Plaintiff must allege either Cate's personal involvement in Plaintiff's constitutional deprivation or a sufficient causal connection between Cate's conduct and Plaintiff's constitutional deprivation. *See Starr*, 652 F.3d at 1207. Any causal connection between overcrowding and the accident here is, without more, speculative.

The Court recognizes that, at this stage of the proceeding, Plaintiff lacks access to relevant information that would allow him to meet this pleading burden. Accordingly, as stated on the record, the Court shall permit Plaintiff to take reasonable, limited, and narrowly tailored discovery to determine whether Cate and other state employee Defendants named as Does had knowledge of and acquiesced in unconstitutional conduct by their subordinates. *See Starr*, 652 F.3d at 1207-08 (describing required level of knowledge); *see also Jones v. AIG Risk Mgmt.*, 726 F. Supp. 2d 1049, 1055-56 (N.D. Cal. 2010) (adopting a similar approach for allowing limited discovery – i.e., dismissing complaint as to certain defendants but allowing plaintiff to take limited discovery as to those defendants' role in alleged misconduct); *Villains, Inc. v. Am. Econ. Ins. Co.*, C-12-0828 EMC, 2012 WL 1534890, at *6 (N.D. Cal. Apr. 30, 2012) (same)

As discussed on the record, Plaintiff has **90 days** from the date of the hearing in this matter, November 9, 2012, in which to conduct such narrowly tailored and focused discovery and **120 days** from the date of the hearing in this matter in which to file a second amended complaint including all

2

Defendants Plaintiff wishes to name, as well as sufficient facts supporting their liability. If Defendants are unwilling to stipulate to the filing of a second amended complaint, Plaintiff may file a motion for leave to amend within **120 days** from the date of the hearing in this matter in lieu of the second amended complaint. The Court reminds the parties that leave to amend is given freely when justice requires, and thus encourages the parties to reach agreement as to the filing of a second amended complaint.

This order disposes of Docket No. 32.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
EDWARD M. CHEN
United States District Judge