Gene H. Shioda, Bar No. 186780
James A. Kim, Bar No. 220763
Jason Y. Lie, Bar No. 233614
LAW OFFICE OF GENE H. SHIODA
5757 West Century Blvd., Suite 700
Los Angeles, California 90045
lawofficeofghs@yahoo.com
Telephone: 310/348-7222 / Fax: 310/348-7220
Attorneys for PLAINTIFF PAUL HOA

John F. Geary (SBN 13777)
Raymond J. Fullerton (SBN 219264)
Robert W. Henkels (SBN 255410)
GEARY, SHEA, O'DONNELL, GRATTAN, AND MITCHELL
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404
Telephone: (707) 545-1660 / Fax: (707)545-1876
Attorneys for David F. Lopez, T. Gregory Stagnitto, Bridge Transport Stag Leasing, Inc.

KAMALA D. HARRIS
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MANEESH SHARMA (SBN: 280084)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 703-5553 / Fax: (415) 703-1234
Attorneys for Dismissed Party Matthew Cate

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA, an individual. | Case No.  3:12-cv-02078-EMC |
| Plaintiff, | |
| vs. | |
| MATHEW CATE, in his official capacity as the Secretary for | **JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER** ; ORDER RESETTING CMC |

- 1 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

California Department of Corrections
and Rehabilitations; CALIFORNIA,
a state; CALIFORNIA
DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, a state agency;
SAN QUENTIN STATE PRISON, a
state facility; DAVID F. LOPEZ , an
individual; T. GREGORY
STAGNITTO, an individual;
MICHAEL MARTEL, an individual;
BRIDGE TRANSPORT, an entity of
unknown form; STAG LEASING,
INC., a California corporation; and
DOES 1 to 20, Inclusive.

Date: March 21, 2013
Time: 1:30 PM
Dept: Courtroom 5, 17th Floor
Judge: Honorable Edward Chen

Complaint filed: April 25, 2012

Defendants.

The parties to the above-entitled action, and nonparty Matthew Cate, jointly

submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED

ORDER pursuant to the Standing Order for All Judges of the Northern District of

California dated March 15, 2013 and Civil Local Rule 16-9.

## 1. Jurisdiction & Service

Plaintiff:

    A. All parties have been served.

    B. Plaintiff intends to add DOE Parties and will file a Motion for Leave to

       Add Doe Parties on March 25, 2013 as Defendant Matthew Cate has

       refused to stipulate that Plaintiff can add Does.

    C. No dispute as to Personal Jurisdiction as to Non-State Defendants.

    D. The State defendants have been dismissed.

    E. Matthew Cate does not dispute personal jurisdiction.

    F. Dispute exists as to Subject Matter Jurisdiction as the action is premised

       on Federal Question – 42 U.S.C. 1983 action as to Matthew Cate and

Supplemental Jurisdiction as it relates to Defendants T. Gregory Stagnitto, Bridge Transport, LLC, Stag Leasing, Inc. and David F. Lopez.

G. Plaintiff intends to file its Amended Complaint on March 25, 2013.

Non-State defendants:

The non-state defendants have answered plaintiff's complaint.

Dismissed party Cate: Plaintiff's claims against Matthew Cate were dismissed on November 15, 2013 and Mr. Cate is no longer party to this matter.  Counsel for Mr. Cate will appear at the case management conference in case the Court has any questions or concerns. Mr. Cate, by and through his counsel, disputes Plaintiff's statement that "Cate has refused to stipulate that Plaintiff can add DOEs." Plaintiff has not presented Mr. Cate with any proposed stipulation regarding the use of Doe defendants for Mr. Cate's review.

2. Facts

At this time there is no operative complaint on file with the Court.  The Operative Amended Complaint is due with the Court on March 25, 2013.

3. Discovery issue and legal Issues

Pursuant to the Court Order, Plaintiff propounded the following discovery:

1. Request for Production of Documents to Defendant Cate, Set One;

2. Request for Production of Documents to CDCR, Set One, and alternatively, by *subpoena duces tecum* to CDCR;

3. Subpoena Duces Tecum to San Quentin Prison;

4. California Freedom of Information Act to CAL-OSHA

5. Special Interrogatories, Set One to Defendant Cate

6. Special Interrogatories Set One to CDCR

Plaintiff:

Plaintiff intended to take the deposition of Matthew Cate but reserved until

- 3 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

documents were received in response to the written discovery.  However, due to the non-responsive answers with meritless objections, Plaintiff has set forth several meet and confer letters and is forced to file Motions to Compel as outlined below.   As an example, Defendant Cate would respond to Special Interrogatories and requested information on the policy regarding inmate safety and the response is from Defendant Cate that "his subordinates" worked on it.  Defendant Cate failed to identify the subordinates (contrary to the Court's explanation) forcing Plaintiff to serve meet and confer letters.

Dismissed party Cate:

Plaintiff was granted leave to "take reasonable, limited, and narrowly tailored discovery to determine whether Cate and other state employee Defendants named as Does had knowledge of and acquiesced in unconstitutional conduct by their subordinates." (Order Granting Defendant's Motion to Dismiss, ECF No.42.) Plaintiff has consistently ignored or misinterpreted the scope, subject matter, and intent of the Court's order allowing Plaintiff to take limited discovery and is abusing the discovery process.  To date Plaintiff has attempted to serve two-hundred and eighty-eight (288) Requests for Production and forty-two (42) Special Interrogatories on non-parties Cate and California Department of Corrections and Rehabilitation (CDCR).  In addition, Plaintiff's specific discovery requests were not "narrowly tailored and focused" and, with a few exceptions, were not limited to obtaining information within the scope specified by the Court or even allowable under the Federal Rules of Civil Procedure.  Mr. Cate timely provided responses and objections to Plaintiff's Request for the Production of Documents and Special Interrogatories.  And CDCR timely provided responses and objections to Plaintiff's Request for the Production of Documents, provided responsive documents, and timely informed Plaintiff of its objection to Plaintiff's improper attempted service of interrogatories on a non-party.  Plaintiff's numerous

- 4 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

and repetitive meet and confer letters, including a 183-page letter consisting of inaccurate and boilerplate arguments, are not directed to specific objections, misstate the facts, and miscite the law.  For example, counsel for Mr. Cate has explained that Mr. Cate is no longer employed by CDCR, and does not have any responsive documents in his possession, custody, or control.  Nevertheless, Plaintiff repeatedly insists that Mr. Cate should produce documents responsive to his requests, and threatens to file a motion to compel if he does not do so.

Nonstate Defendants:

The non-state defendants request that the Court open discovery pursuant to Federal Rule of Civil Procedure, Rule 26.  In its November 15, 2012 Order, the Court granted only plaintiff leave to conduct limited discovery and postponed the next case management conference until March 21, 2013.  Thus, the parties have not yet had an Initial Case Management Conference pursuant to Rule 26(f).  Since the November 15 Order, plaintiff has propounded discovery, and (dismissed) defendant Mathew Cate has objected.  Now it is clear that both parties seek to have this dispute heard by this Court through motion practice.  Further delaying any resolution so that this case  may proceed, there is no operative complaint on file and, as evidenced by the current posturing, it may be some time before the pleadings are settled as between plaintiff and Mathew Cate, or any other party that may be brought into this action.

The non-state defendants have answered plaintiff's complaint and thus his allegations are in issue.  Plaintiff's counsel has represented to defendants that he has no objection to beginning discovery.  But due to the current status of this case, the parties have not been able to meet to discuss discovery pursuant to Rule 26(f).  In any event, it is not clear given the court's prior Order whether the instant hearing is a Rule 26(f) Conference.  Defendants have a right to conduct discovery into any "nonprivileged matter that is relevant to any party's claim or defence" and,

- 5 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

accordingly, respectfully request that the Court authorize discovery pursuant to Rule 26(d)(1), irrespective of the current or future status of plaintiff's and defendant Mathew Cate's disagreements.

4.  Discovery Motions

Plaintiff:

Plaintiff intends to file a Motion to compel as it relates to the discovery referenced above provided by Defendant Mathew Cate and Non-party CDCR.

Plaintiff submits that Defendant Cate and CDCR responses to written discovery and subpoenaed documents are incomplete, inconsistent, and unreasonable.  Responses assert boilerplate objections on the grounds of vagueness and relevance without any reference to any document.  Rule 34(b)(2(C). The responses assert claims of privilege without any reference, description, or character of any document deemed to be protected.  Rule 45(d)(2).  Statements of compliance are incomplete and do not comply with Rule 24(b)(2)(B).  Plaintiff has offered a stipulated protective order and reducing the discovery requests at issue, in compromise.  Written meet and confers and offers in compromise were served.  Defendant Cate requested an extension of time to respond.  After the time of extension, Defendant Cate offers no compromise and a motion to compel is deemed by Plaintiff warranted.

Plaintiff intends to file the Motions to Compel on or before March 25, 2013.

Defendant Non State:

Dismissed party Cate:

Non-party Cate disputes Plaintiff's representation that a motion to compel is warranted.  Plaintiff has sent lengthy and inaccurate letters to counsel for Mr. Cate, but has failed to meet-and-confer in a manner aimed at attempting to resolve alleged discovery disputes.

5.  Amendment of Pleadings

- 6 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

Plaintiff filed a First Amended Complaint on July 27, 2012.  The Court granted the 12b6 motion by Defendant Cate, but the Court did rule the Plaintiff has the right file an amended complaint. The third Amended Complaint is due on March 25, 2013.  Also the Court informed the parties that it should be stipulated that Plaintiff can add DOE Defendants.  Defendant Cate refused as such, Plaintiff will also be filing a motion to add DOE Defendants on March 25, 2013. Dismissed party Cate:  Cate disputes Plaintiff's characterization of Court's statements at oral argument on November 9, 2013 and the Court's November 15, 2013 order.  The Court did not order Mr. Cate to enter into a stipulation with Plaintiff.  Moreover, Plaintiff has not provided Mr. Cate with a copy of any proposed stipulation regarding "DOE Defendants" for his review.

6.  Evidence Preservation

Prior to the litigation Plaintiff demanded that the parties preserve all evidence in the matter by way of letter.  The non-State defendants have not and will not destroy evidence.

7.  Disclosures

Plaintiff served Rule 26 disclosures on October 29, 2012. The non-state defendants served Rule 26 Disclosures on November 2, 2012.  Defendant Cate has not served any Rule 26 Disclosures.

Dismissed party Cate:  The parties previously stipulated to extend the deadline for Rule 26 disclosure until after the Court's ruling on Cate Rule 12(b)(6) motion to dismiss.  On November 15, 2013 the Court dismissed Cate from the matter.  As a nonparty, Cate has no obligation to served Rule 26 disclosures.

8.  Discovery

Plaintiff propounded written discovery on Defendant Cate and subpoenaed documents from CDCR, San Quentin and CAL-OSHA, to ascertain facts and the persons responsible to properly name as defendants.  Responses were served and

- 7 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

further responses were the subject of unsuccessful efforts to compromise a discovery dispute this discussion contained above in section 3 and 4.

Dismissed party Cate:  Mr. Cate is not a defendant in this matter.  Plaintiff's representations about the nature of the copious amount of discovery he has served on Mr. Cate and CDCR is inaccurate.  The scope of discovery served by Plaintiff went far beyond that described by Plaintiff.

9.  Class Actions

This is not a class action.

10.  Related Cases

There is no related civil case.

11.  Relief

Damages sought will be in excess of $40,000,000.00.  Plaintiff is a quadriplegic as a result of this incident. At this time, he is unable to breathe on his own and is on a ventilator. Currently, medical care exceeds $3,000,000.00 with significant care to do.

Plaintiff is deemed Totally Disabled.  Plaintiff has a spinal cord injury with subsequent tetraplegia, vent dependency, neurogenic bowel, neurogenic bladder and pain. He is nursing care facility with 24 hour watch.

Plaintiff has the lost use of his hands, arms, legs, and limited neck movement. He is currently living in a care center that is working with him to get range of motion on his neck so that he can be ambulatory in a wheel-chair. Plaintiff is on significant pain medication.

Defendants have no discovery/third party confirmation as to plaintiff's injuries, so the above is plaintiff's contention.  Defendants contend damages to be calculated, if any, as only those which are reasonable and necessary with application of Hanif/Howell any other applicable law, dependent upon the scope of plaintiff's claimed damages.

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

Dismissed party Cate:  Mr. Cate is not a party to this action.

12. Settlement and ADR

Plaintiff will agree to any ADR or settlement discussions.  Non-party Cate has been dismissed from this lawsuit, and as a result will not be involved in settlement discussions or ADR.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

_____ YES  X NO by Plaintiff.

14. Other References

Plaintiff will not agree to binding arbitration.  Defendants Stag Leasing, Inc., Bridge Transport, T. Gregory Stagnitto, and David F. Lopez will not agree to binding arbitration.

15. Narrowing of Issues

Inapplicable at this time.

16. Expedited Trial Procedure

Inapplicable at this time.

17. Scheduling

Inapplicable at this time as Plaintiff's Third amended complaint is due on or before March 25, 2013.

18. Trial

Jury trial – 7 to 10 day trial.

19. Disclosure of Non-party Interested Entities or Persons

To Plaintiff's knowledge each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Defendants Stag Leasing, Inc., Bridge Transport, T. Gregory Stagnitto, and David F. Lopez will have done so by the Case Management Conference date.

- 9 -
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

20.  Other

The Case Management Conference should be reset as Plaintiff will be filing a third amended complaint, motion to add DOES, discovery motions and Defendants will have to respond to the Third Amended Complaint.

Dismissed Party Cate:  Mr. Cate is not a party to this matter, and therefore takes no position on the setting of case management conferences or other events or deadlines in this case.

|  |  | LAW OFFICE OF GENE H. SHIODA |
| --- | --- | --- |
| Dated: March  14, 2013 | By: | _____/S/_____ |
|  |  | Gene H. Shioda |
|  |  | James A. Kim |
|  |  | Jason Y. Lie |
|  |  | Attorneys for Plaintiff PUAL HOA |

|  |  | GEARY, SHEA, O'DONNEL, GRATTAN, AND MITCHELL |
| --- | --- | --- |
| Dated: March 14, 2013 | By: | _____//S//_____ |
|  |  | John F. Geary |
|  |  | Robert W. Henkels |
|  |  | Attorneys for |
|  |  | David F. Lopez, T. Gregory Stagnitto, Bridge Transport, Stag Leasing, Inc. |

|  |  | KAMALA D. HARRIS Attorney General of California JAY M. GOLDMAN Supervising Deputy Attorney General MANEESH SHARMA Deputy Attorney General |
| --- | --- | --- |
| Dated: March 14, 2013 | By: | _____/s/_____ |
|  |  | Maneesh Sharma |
|  |  | Attorneys for |
|  |  | Dismissed Party Matthew Cate |

- 10

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED

ORDER is approved as the Case Management Order for this case and all parties

shall comply with its provisions.

The Court has re-set the Case Management for _____5/30/13_____ at 10:30 a.m. ____ in

this Department.     An updated Joint CMC statement shall be filed by 5/23/13.

IT IS SO ORDERED.

Dated:        3/20/13

IT IS SO ORDERED

Judge Edward M. Chen

_____
_____ DISTRICT/
____ARD_ CHEN

- 11

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**