UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL HOA,<br><br>          Plaintiff,<br><br>     v.<br><br>MATHEW CATE, et al.,<br><br>          Defendants. | Case No. 12-cv-02078 EMC (NC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 66, 71 |

On May 10, 2013, Judge Chen issued an order permitting plaintiff Paul Hoa to conduct "narrowly tailored and focused discovery" to "explore whether there is a plausible basis for liability on the part of an employee or supervisor at the prison," to be completed by September 10, 2013. Dkt. No. 64. Upon referral from Judge Chen, the undersigned Magistrate Judge held a hearing on June 5, 2013 to address the timing and scope of discovery, including the issues raised in Cate's "Request for Clarification of Grant of Limited Discovery," Dkt. No. 66, and the joint discovery statement, Dkt. No. 71. This order memorializes the Court's rulings at the hearing.

1. CATE'S REQUEST FOR CLARIFICATION. For purposes of the "narrowly tailored and focused discovery" ordered by Judge Chen, Cate will be treated as a party to this case.

//

2. DISCOVERY REQUESTS.

(A) *Written Discovery Requests to Cate.*  In the joint discovery statement and at the hearing, Cate stated that he has no documents or information responsive to Hoa's requests for production and special interrogatories.  Dkt. No. 71 at 16.  Hoa did not dispute this statement, but indicated that he will further evaluate Cate's discovery responses and limit any follow-up inquiries to the requests for production and special interrogatories listed on pages 14 and 15 of the joint discovery statement.  *Id.* at 14-15.  Based on these representations, the Court does not order Cate to provide any further responses to Hoa's discovery requests at this time.  If Hoa believes that a motion to compel is necessary with respect to any specific requests, he must meet and confer with Cate as soon as practicable.  If, after meeting and conferring, the parties are unable to resolve their dispute, they may submit a joint discovery letter brief in accordance with the Court's standing order.  *See* Mag. Judge N. Cousins, Civil Standing Order, updated Aug. 24, 2012.  Any such dispute must be submitted for this Court's resolution by July 10, 2013.

(B) *Written Discovery Requests to the CDCR.*  The Court orders non-party California Department of Corrections and Rehabilitation ("CDCR") to produce all written rules, policies, and procedures regarding inmate safety, that were in effect at the time of Hoa's injury at the location where the injury occurred, including but not limited to the operations of the loading dock.  This production must occur by July 10, 2013.

(C) *Depositions.*  Hoa may take the following depositions:

i. Depositions of non-parties Raymond Mattuecci and Ronald Chan.  These depositions will be limited to three hours each.

ii. Person most knowledgeable deposition of CDCR on the subjects of (1) the incident that took place at San Quentin Prison resulting in Hoa's injury; (2) the rules, policies, and procedures regarding inmate safety, that were in effect at the time of Hoa's injury at the location where the injury occurred, including but not limited to the operations of the loading dock; and (3) the investigation of workplace injuries at the location where Hoa's injury took place.

iii. Person most knowledgeable deposition of San Quentin Prison on the subjects of (1) the incident that took place at the prison resulting in Hoa's injury; (2) the existence of prior complaints from any source concerning the prison's loading docks and the prison's policy with respect to the same, for the 5 years preceding the incident; (3) the rules, policies, and procedures regarding inmate safety, that were in effect at the time of Hoa's injury at the location where the injury occurred, including but not limited to the operations of the loading dock; and (4) the identity and current whereabouts of all inmates employed at the loading docks at the prison for the 6 months preceding the incident.

The depositions of CDCR and San Quentin Prison will each be limited to three hours, regardless of the number of deponents.

(D) *Additional third party discovery.*  Hoa indicated that he intends to serve additional document subpoenas on third parties.  At the hearing, Cate stated that he does not take a position with respect to such discovery.  At this time, the contemplated third party discovery does not present an issue for this Court's resolution.  The Court notes, however, that any such discovery must be propounded in a diligent and timely manner, and that any disputes that arise regarding such discovery must be submitted to this Court as soon as practicable to ensure compliance with the September 10, 2013 discovery deadline.

3. PROTECTIVE ORDER.  The Court ordered the parties to file a proposed protective order by June 14, 2013.  The parties have not done so.  By June 26, 2013, the parties must either file a proposed protective order or a statement that a protective order is not necessary for the purpose of completing the discovery ordered by Judge Chen.

4. FURTHER DISCOVERY HEARING.  A further hearing on this discovery matter is scheduled for August 21, 2013 at 1:00 p.m.  By August 14, 2013, the parties must submit a joint report informing the Court of the status of the discovery that has been completed since June 5, 2013, what discovery remains to be conducted, and any related disputes.

//

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: June 18, 2013

*[signature]*

Nathanael M. Cousins
United States Magistrate Judge