Gene H. Shioda, Bar No. 186780
James A. Kim, Bar No. 220763
Jason Y. Lie, Bar No. 233614
LAW OFFICE OF GENE H. SHIODA
5757 West Century Blvd., Suite 700
Los Angeles, California 90045
lawofficeofghs@yahoo.com
Telephone: 310/348-7222
Fax: 310/348-7220

Attorneys for PLAINTIFF PAUL HOA

John F. Geary (SBN 13777)
Raymond J. Fullerton (SBN 219264)
Robert W. Henkels (SBN 255410)
GEARY, SHEA, O'DONNELL, GRATTAN, AND MITCHELL
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404
Telephone: (707) 545-1660
Fax: (707)545-1876

Attorneys for David F. Lopez, T. Gregory Stagnitto, Bridge Transport Stag Leasing, Inc.

KAMALA D. HARRIS
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MANEESH SHARMA
Deputy Attorney General
State Bar No. 280084
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5553
 Fax:  (415) 703-1234
 E-mail:  Maneesh.Sharma@doj.ca.gov
Attorneys for Matthew Cate

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA, an individual.<br><br>           Plaintiff, | Case No.  3:12-cv-02078-JCS |

- 1 -
**STIPULATED PROTECTIVE ORDER**

|  |  |
|---|---|
| vs.<br><br>MATHEW CATE, in his official capacity as the Secretary for California Department of Corrections and Rehabilitations and as an individual; CALIFORNIA, a state; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a state agency; SAN QUENTIN STATE PRISON, a state facility; DAVID F. LOPEZ , an individual; T. GREGORY STAGNITTO, an individual; MICHAEL MARTEL, an individual; BRIDGE TRANSPORT, an entity of unknown form; STAG LEASING, INC., a California corporation; and DOES 1 to 20, Inclusive.<br><br>                  Defendants. | **STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint filed: April 25, 2012 |

The undersigned parties hereby agree to the terms of this Stipulated Protective Order (hereafter, "Protective Order"), as set forth below, and submit it to the Court for adoption as an Order upon full execution by counsel on behalf of their respective clients:

Pursuant to this stipulation, the Court finds that good cause exists for the entry of this Protective Order in that the preparation and trial of this action will require the discovery of documents, testimony, information, or things claimed by one or more of the parties to this stipulation to contain confidential personal, business, or commercial information  or private personal information, and the ends of justice will be served by entry of an order setting forth procedures for and rules governing  discovery, copying, use and return of documents, deposition transcripts, interrogatory answers  and other materials.   Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Irrespective of the form in which discovery materials are produced, including printed or electronically recorded documents, in connection with the discovery process in the

- 2 -
**STIPULATED PROTECTIVE ORDER**

above-entitled case, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, medical records and any documents recorded on computer disks, the parties to this stipulation may designate any such materials as "confidential" or "confidential discovery material," under the terms of this stipulated order.

2. The parties to this stipulation and order may designate as "Confidential" or "Trade Secret," pursuant to the terms of this order, documents or other discovery material to the extent they consist of or include medical records, business records, personal private information including financial records, trade secret or confidential research, development, or commercial information and may include financial information, information relating to ownership or control of any non-public company or public company, and any information protected from disclosure by any privacy law, as well as any other type of information given confidential status by the court.

3. Any person subject to this order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this order.

4. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as "Confidential" or "Privacy" in such a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a party to this stipulation may indicate on the record that a question calls for confidential discovery material, in which case the text in the transcript where these questions or answers occur shall be specially marked as a separate page stamped "Confidential Information Governed By Protective Order" by the court reporter.  For convenience, the parties to this stipulation may agree that entire deposition transcripts shall be treated as confidential discovery material.

- 3 -
**STIPULATED PROTECTIVE ORDER**

6. Notwithstanding the provisions of paragraphs 2-4 above, a producing party may redact from any Confidential Document any: (i) social security number, (ii) bank account statements or numbers.

7. If at any time prior to the trial of this action a party to this stipulation realizes that previously undesignated documents or other material should be designated as confidential discovery material, that party may so designate by advising all other parties to this stipulation in writing. The designated documents or material will thereafter be treated as confidential discovery material pursuant to this order. However, no party to this stipulation shall be penalized in any way for disclosing such materials prior to receiving notice of this belated realization.

8. No person subject to this order other than the designating party shall disclose any confidential discovery material to any other person, except as follows:

 a) Counsel for the parties to this stipulation, including any paralegal, clerical, consulting, professional and other staff employed or retained by counsel for work on this action;

 b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

 c) Any witness who counsel for a party to this stipulation in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order;

 d) Any person retained by a party to this stipulation to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit "A";

 e) Official court reporters; and

 f) The court, mediators, and support personnel.

**STIPULATED PROTECTIVE ORDER**

9. Prior to any disclosure of confidential discovery material to any person referred to in subparagraphs (c) or (d) of paragraph 8 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit "A" hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party to this stipulation may seek an order requiring production of non-disclosure agreements, but nothing in this order is intended to modify or shift any burden of proof or privilege relating to the motion.

10. Without written permission from the producing partyor a court order secured after appropriate notice to all interested persons, a party to this stipulation may not file in the public record in this action any confidential, private or confidential discovery material. A party to this stipulation that seeks to file under seal any confidential, trade secret or confidential discovery material must comply with Civil Local Rule 79-5. Such material and documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific material and documents at issue.

11. Any party objecting to any designation of confidentiality or privacy, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the court. Until a dispute is resolved, the material designated as "Confidential" or "Trade Secret" shall remain as confidential discovery material pursuant to this order. The party requesting confidentiality shall have the burden of establishing entitlement to protection and confidentiality.

12. The court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

13. Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

14. This order shall survive the termination of this action. Within 30 days of the final disposition of this action, all "Confidential" and "Trade Secret" information shall promptly be returned to the producing party to this stipulation or, with the permission of the producing party to this stipulation, destroyed. Counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the disclosing party to this stipulation not more than 40 days after final conclusion of this litigation. For purposes of this Order, final conclusion shall be taken as the date on which a stipulated dismissal is filed or a final, non-appealable order disposing of this lawsuit is entered.

15. The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

16. Nothing in this order shall prevent any party to this stipulation from seeking further or additional protection, or removing protection, for confidential discovery material.

17. Additional parties may be added to this action as allowed under the Federal Rules of Civil Procedure. Before receiving confidential discovery material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of entry. No newly added party shall have access to confidential discovery material until the party is subject to the terms of this order.

18. Information of any kind obtained by parties subject to this order from any source outside of discovery in this action shall not be subject to the terms of this order, notwithstanding that the same information has been produced in this action and designated as confidential discovery material.

- 6 -
**STIPULATED PROTECTIVE ORDER**

19. This order shall not apply to, or restrict confidential discovery material used at the time of trial as evidence. Protection of confidential discovery material at trial may be addressed by the court as a separate matter upon the motion of any party to this stipulation. The provisions of this order shall not prejudice the rights of the parties with respect to the use or protection of confidential discovery material at trial.

20. Plaintiff's medical records shall be deemed confidential.

21. Nothing in this order shall be construed as a waiver of any applicable privileges, require the disclosure of any privileged document or information, or alter the applicable scope of permissible discovery.

|  |  |  |
|---|---|---|
|  |  | LAW OFFICE OF GENE H. SHIODA |
| Dated: June __, 2013 | By: | /S/ |
|  |  | Gene H. Shioda |
|  |  | James A. Kim |
|  |  | Jason Y. Lie |
|  |  | Attorneys for Plaintiff PAUL HOA |
|  |  |  |
|  |  | John F. Geary |
|  |  | Robert W. Henkels |
|  |  | GEARY, SHEA, O'DONNEL, GRATTAN, AND MITCHELL |
| Dated: June __, 2013 | By: | //S// |
|  |  | John F. Geary |
|  |  | Robert W. Henkels |
|  |  | Attorneys for |
|  |  | David F. Lopez, T. Gregory Stagnitto, Bridge Transport, Stag Leasing, Inc. |
|  |  |  |
|  |  | Kamala D. Harris |
|  |  | Attorney General of California |
|  |  | Maneesh Sharma |
|  |  | Deputy Attorney General |
|  |  |  |
| Dated: June __, 2013 | By: | /s/ |
|  |  | Attorneys for Matthew Cate |

- 7 -
**STIPULATED PROTECTIVE ORDER**

1 **IT IS SO ORDERED.**

2 July 3, 2013

3 Honorable 

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL HOA, an individual,<br><br>                Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, ET AL and DOES 1 to 20, inclusive,<br><br>               Defendant. | Case No. 3:12-cv-02078-JCS<br><br>**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER** |

    I, _____, acknowledge that I have read and understand the Stipulated Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Confidential Discovery Material that have been designated as Confidential or Trade Secret, or contain individually identifiable health information. I agree that I will not disclose such Confidential Discovery Material to anyone except as expressly permitted by the Protective Order and only for purposes of this action, and that at the conclusion of the action I will return all such Confidential Discovery Material to the party to the stipulation or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated this _____ day of _____, 20\_\_.

_____
Name

_____
Signature

**STIPULATED PROTECTIVE ORDER**