UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-2078 EMC<br><br>**ORDER GRANTING CATE'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>**(Docket No. 79)** |

Currently pending before the Court is Matthew Cate's motion for relief from a discovery order issued by Judge Cousins. *See* Docket No. 75 (order). Having considered the parties' briefs, as well as all other evidence of record, the Court hereby **GRANTS** Mr. Cate's motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Previously, this Court issued an order in which it dismissed all remaining claims that Plaintiff Paul Hoa had asserted against Mr. Cate. The dismissal, however, was without prejudice and Mr. Hoa was given leave to amend. *See* Docket No. 42 (order). In the same order, the Court authorized Mr. Hoa to take narrowly tailored and focused discovery – in essence, so that Mr. Hoa could have an opportunity to explore which prison-affiliated individuals should arguably be held liable for the injuries he suffered. *See also* Docket No. 64 (Order at 1) ("permit[ting] Mr. Hoa to conduct discovery to explore whether there is a plausible basis for liability on the part of an employee or supervisor at the prison"). Based on the results of that discovery, Mr. Hoa was to file a second amended complaint "including all Defendants [he] wishes to name, as well as sufficient facts supporting their liability." Docket No. 42 (Order at 2-3); *see also* Docket No.

1    Mr. Cate subsequently filed a motion for clarification, in which he asked whether he was to
2 participate in the above-referenced discovery as a party or as a nonparty. Mr. Cate noted, for
3 example, that discovery rules with respect to nonparties differ from the discovery rules with respect
4 to parties – *e.g.*, interrogatories may be served on the latter, but not the former. *See* Docket No. 66
5 (motion). Judge Cousins issued an order on June 18, 2013, in which he held that, "[f]or purposes of
6 the 'narrowly tailored and focused discovery' ordered by Judge Chen, [Mr.] Cate will be treated as a
7 party to this case." Docket No. 75 (Order at 1). Mr. Cate now challenges this ruling by Judge
8 Cousins.

## II. DISCUSSION

A. Legal Standard

Under federal law, "[a] non-dispositve order entered by a magistrate [judge] must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). When a district court reviews a magistrate judge's order, it "may not simply substitute its judgment for that of the [magistrate judge]." *Id.*

B. Contrary to Law

Mr. Cate contends that Judge Cousins's ruling was contrary to law because, after this Court dismissed all remaining claims against him in November 2012, he was no longer a party to this lawsuit and therefore could only be subject to discovery as a nonparty. Mr. Cate does not dispute that Mr. Hoa has the right to amend his complaint such that it is possible that he will be renamed as a defendant in the amended complaint. However, Mr. Cate underscores that, at this juncture in the proceedings, he is still a nonparty.

In response, Mr. Hoa argues that Judge Cousins's decision was not contrary to law and in fact is in accordance with Ninth Circuit law as established in *Telluride Management Solutions, Inc. v. Telluride Investment Group*, 55 F.3d 463, 466 (9th Cir. 1995).

Because *Telluride* is the sole authority cited by Mr. Hoa, a brief discussion of the case is worthwhile. In *Telluride*, attorneys of a defendant were sanctioned after their client failed to appear at a court-ordered deposition. The attorneys argued that they were justified in not having their client appear because, prior to the deposition, the court granted the defendants' motion to dismiss for lack

1  of subject matter jurisdiction. More specifically, the court found that the named plaintiff – a limited
2  partnership – had no standing to assert the claims for securities violations because it was not a
3  purchaser or a seller; "[r]ather, the individual limited partners needed to be named in the complaint."
4  *Id.* at 465. The plaintiff was given leave to amend to address this deficiency.

5  The Ninth Circuit rejected the attorneys' argument. It noted first that a dismissal of a
6  complaint is not necessarily the same thing as a dismissal of the action. *See id.* at 466 (stating that
7  "[d]ismissal of the complaint is not considered a final appealable order 'unless circumstances make
8  it clear that the court concluded that the action could not be saved by any amendment of the
9  complaint'"). The court then stated that, in the case under consideration, the dismissal for lack of
10 subject matter jurisdiction did not constitute a dismissal of action because the standing problem was
11 "a defect in form only" – *i.e.*, an "omission of the names of the individual limited partners from the
12 complaint" – and the plaintiff was given leave to amend. *Id.* "Because we conclude the action was
13 still pending at the time scheduled for the deposition, we also conclude that the parties were still
14 subject to the [court] order compelling [the defendant's] appearance at the deposition." *Id.*

15 Contrary to what Mr. Hoa argues, *Telluride* is not dispositive. *Telluride* establishes at best
16 that the instant case is still ongoing (*i.e.*, because he was given leave to amend) such that discovery
17 may still take place, but it does not address the specific issue of whether a party, once dismissed
18 (with leave to amend) based on insufficient factual allegations, should thereafter be treated as a party
19 or a nonparty for purposes of discovery. Notably, in *Telluride*, the defect in the complaint was a
20 defect in form only. That is not the case here. The Court dismissed the remaining claims against
21 Mr. Cate because Mr. Hoa had failed to "make any specific allegations about how [Mr.] Cate's
22 conduct caused [Mr. Hoa's] constitutional deprivation, beyond conclusory statements regarding his
23 knowledge of prison overcrowding." Docket No. 42 (Order at 2).

24 The Court thus agrees with Mr. Cate that, at least at this juncture in the proceedings, he is not
25 a party to the action, and therefore discovery may be taken of him only in his capacity as a nonparty.
26 Thus, *e.g.*, any interrogatories propounded by Mr. Hoa on Mr. Cate are improper – again, at this
27 juncture in the proceedings. The Court notes that this should not work any prejudice on Mr. Hoa
28 because there are still other methods available to him so that he can take discovery from Mr. Cate –

*i.e.*, a subpoena for testimony and/or documents. The Court also notes that restricted discovery with respect to Mr. Cate even if he were a party would not be inconsistent with other Ninth Circuit case law. *See, e.g.*, *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (stating that "[t]he district court did not err by denying appellants discovery after their original complaint was dismissed with leave to amend[;] [a] district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted"); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting that a trial court is vested with broad discretion to permit or deny discovery and a "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant") (internal quotation marks omitted).

### III. CONCLUSION

Because the Court finds that Judge Cousins's ruling was contrary to law, the Court grants Mr. Cate's motion for relief. Mr. Cate shall participate in discovery but, at this point in the proceedings, his participation is that of a nonparty.

This order disposes of Docket No. 79.

IT IS SO ORDERED.

Dated: July 15, 2013

_____
EDWARD M. CHEN
United States District Judge