UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PAUL HOA,

          Plaintiff,

   v.

MATHEW CATE, et al.,

          Defendants.

Case No. 12-cv-02078 EMC (NC)

**SECOND ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. Nos. 90, 98

On June 18, 2013, this Court issued an order, Dkt. No. 75, setting forth specific discovery that may be conducted by plaintiff Paul Hoa for the purpose of determining whether there is a basis to sue an employee or supervisor at the prison, as authorized by Judge Chen, Dkt. No. 64. The Court also set a further hearing to review the status of this discovery matter. Dkt. No. 75 at 3. On August 20, 2013, the parties filed a joint status report summarizing the discovery completed to date and raising a number of outstanding issues. Dkt. No. 98. On August 21, 2013, the Court held a further hearing to address the status of the discovery and the pending discovery disputes, including non-party Matthew Cate's motion to quash plaintiff's subpoena for Cate's deposition. Dkt. No. 90. This order memorializes the Court's rulings at the hearing.

1. DEPOSITIONS.

(A) *Plaintiff's Request for Additional Time to Depose Richard Riley and Fire Chief Maresh.* Plaintiff took the depositions of Richard Riley and Fire Chief Maresh, who were

Case No. 12-cv-02078 EMC (NC)
SECOND ORDER RE: DISCOVERY
DISPUTE

designated by the CDCR and San Quentin Prison as persons most knowledgeable ("PMK") on certain subjects identified in this Court's June 18, 2013 order. Dkt. Nos. 75 at 2-3; 98 at 6-7. Plaintiff now requests additional time to depose Riley based on information that either has become available after Riley's deposition was taken, or was perceived to be outside of the scope of the deposition as previously noticed. The request is granted. The continued deposition, however, will be limited in scope to the following subjects identified by plaintiff: (1) the identity and current whereabouts of all inmates employed at the loading docks at the prison for the 6 months preceding the incident; (2) the Injury Illness Prevention Program; and (3) the ramp that was used at the loading dock at the time plaintiff was injured. In addition, although plaintiff has already had an opportunity to depose Riley as a PMK regarding "the existence of prior complaints from any source concerning the prison's loading docks and the prison's policy with respect to the same, for the 5 years preceding the incident," Dkt. Nos. 75 at 3; 98 at 6:14-15, in light of plaintiff's assertion that the other PMK on this topic, Fire Chief Maresh, was not fully prepared, plaintiff may ask Riley follow-up questions on this topic. The deposition must take place on a mutually agreed date by September 10, 2013 and must not exceed one hour.

In light of this ruling, plaintiff's request for additional time to depose Fire Chief Maresh, Dkt. No. 98 at 7-8, is denied as unnecessary at this time, and beyond the scope of the limited discovery authorized by Judge Chen.

(B) *Plaintiff's Requests for Depositions of Alioto, McDonald, Giurbino, Clark, and Martel.* Plaintiff also seeks to depose Tom Alioto (acting Warehouse Manager at the Waterfront Warehouse at the time of incident), and four individuals to whom Cate delegated day-to-day management and operation of the prison—Terri McDonald, George Giurbino, Ken Clark, and Michael Martel. Dkt. No. 98 at 11-12. Plaintiff, however, has already deposed two supervisors at San Quentin, Raymond Mattuecci and Ronald Chan, as well as the PMK of the CDCR and San Quentin Prison regarding the incident and the applicable policies and procedures regarding inmate safety, among other topics. In light of the discovery conducted to date, the Court finds that plaintiff has failed to show that these

additional depositions are within the scope of the "narrowly tailored and focused discovery." Dkt. No. 64. Accordingly, for the purpose of the limited discovery ordered by Judge Chen to be completed by September 10, 2013, the Court denies plaintiff's request to take the depositions of the above individuals, and quashes any deposition subpoenas served on them by plaintiff.

(C) *Plaintiff's Deposition Subpoena to Cate.* Non-party Cate moves to quash plaintiff's subpoena for his deposition on the grounds that it is outside the permissible scope of discovery, especially given the discovery already conducted by plaintiff to date, and that plaintiff has not met the burden required to justify the deposition of a former high-ranking official. Dkt. No. 90. The Court agrees. Plaintiff essentially concedes that he has not met his burden to justify the deposition of Cate, and instead argues that he intended to take the deposition only "as a last resort." Dkt. Nos. 94; 98 at 10. Accordingly, plaintiff's deposition subpoena to Cate is quashed.

2. WRITTEN DISCOVERY TO CDCR.

(A) *Documents Regarding Paul Hoa.* Plaintiff contends that the CDCR should provide a privilege log of documents regarding Paul Hoa that it has withheld on the basis of the attorney-client and/or work-product privileges. Dkt. No. 98 at 13-14. Additionally, the night before the August 21, 2013 hearing, plaintiff served a subpoena to the CDCR seeking certain documents concerning Paul Hoa. Plaintiff and the CDCR have until August 28, 2013 to meet and confer in an attempt to resolve these issues and file a joint discovery letter if unable to reach an agreement.

(B) *Injury Illness Prevention Program.* The Court previously ordered the CDCR to produce "all written rules, policies, and procedures regarding inmate safety, that were in effect at the time of Hoa's injury at the location where the injury occurred, including but not limited to the operations of the loading dock." Dkt. No. 75 at 2. Hoa now contends that the CDCR has failed to produce the complete version of an "Injury Illness Prevention Program" responsive to this request. Dkt. No. 98 at 4. The CDCR responds that it has produced all responsive documents. Accordingly, if plaintiff believes that there is a basis to move to

1  compel the production of this document, he has until August 28, 2013 to meet and confer
2  with the CDCR and submit the dispute to the Court by filing a joint discovery letter if
3  unable to resolve the issue.

4      3. PLAINTIFF'S REQUEST FOR AN EXTENSION.

5      Plaintiff requests that the Court continue the discovery deadline for 30 days.  Dkt. No.
6  98 at 15.  The request is denied.  Judge Chen referred this matter to the undersigned
7  Magistrate Judge to determine what discovery should take place, and set a deadline of
8  September 10, 2013 to complete the discovery.  Any request to extend that deadline should
9  therefore be made to Judge Chen directly.  Moreover, even if this request were properly
10 made to the undersigned Magistrate Judge in the first instance, it would be denied due to
11 plaintiff's failure to justify the need for additional time given the discovery that has taken
12 place to date and the limited scope set by Judge Chen.

13     Any party may object to this nondispositive pretrial order within 14 days of the filing
14 date of this order.  *See* Civ. L.R. 72-2.

15     IT IS SO ORDERED.

16     Date: August 23, 2013

                                           Nathanael M. Cousins
17                                            United States Magistrate Judge

Case No. 12-cv-02078 EMC (NC)
SECOND ORDER RE: DISCOVERY     4
DISPUTE