JOHN F. GEARY, ESQ. SBN 137777
RAYMOND J. FULLERTON. SBN 219264
ROBERT W. HENKELS, ESQ. SBN 255410
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, California 95404
Telephone: 707/545-1660
Facsimile: 707/545-1876

Attorneys for Defendants
DAVID F. LOPEZ, T. GREGORY STAGNITTO;
BRIDGE TRANSPORT, STAG LEASING INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA, an individual,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>RICHARD RILEY, an individual; et. al.<br><br>　　　Defendants. | CASE NO.: CV 12 2078 EMC<br><br>**MOTION TO DISMISS CROSS-CLAIM FOR EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF**<br><br>Date: September 11, 2014<br>Time: 1:30 p.m.<br>Courtroom 5, 17th Floor |

## NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Cross-Defendants DAVID F. LOPEZ, T. GREGORY STAGNITTO, BRIDGE TRANSPORT, and STAG LEASING INC ("Cross- Defendants"), shall, and hereby do, move this Court for dismissal of cross-plaintiffs RICHARD RILEY, RAYMOND MATEUCCI, DAVID MOORE, RONALD CHAN,TAMMY FOSS, THOMAS ALIOTO, and GEORGE MOON ("Cross-Claimants")'s Cross-Complaint for Equitable Indemnity, Contribution, and Declaratory Relief on June 23, 2014, before the Honorable Edward M. Chen, United States District Judge, at the San Francisco Courthouse for the United States District Court in the Northern District of California, Courtroom 5, located at 450 Golden Gate Avenue in San Francisco, California.

///

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12, and on the basis that Cross-Claimants fail to state a claim for which relief may be granted, and shall be based on this Notice of Motion, the Memorandum of Points and Authorities below, Cross-Defendants' Request for Judicial Notice, filed herewith, the pleadings and papers on file herein, and such oral and written material as may be presented at the hearing on this motion.

DATED: August 4, 2014  GEARY SHEA O'DONNELL
GRATTAN & MITCHELL, PC

  */s/ Robert W. Henkels*
ROBERT W. HENKELS
Attorneys for Defendants and Cross-Defendants
DAVID F. LOPEZ, T. GREGORY STAGNITTO;
BRIDGE TRANSPORT, and STAG LEASING INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Introduction

A party may only bring a cross-claim for equitable indemnity or contribution where such relief is authorized by federal or state law. Here, plaintiff Paul Hoa has filed suit against employees of San Quentin State Prison (the "Prison") Raymond Mateucci, Thomas Alito, George Moon, Tammatha Foss, Ronald Chan and David Moore ("Cross-Claimants") under 42 U.S.C. § 1983 for violation of his Eighth Amendment Rights. In the same action, he has filed suit against David F. Lopez, T. Gregory Stagnitto, Bridge Transport, and Stag Leasing ("Cross-Defendants") alleging state law negligence theories. Cross-Claimants, who are only sued under 42 U.S.C. § 1983, seek equitable indemnity and contribution against Cross-Defendants, asserting that should they be deemed liable, any such liability arises solely from Cross-Defendants' negligence.

Cross-Claimants, however, are not entitled to seek equitable indemnity or contribution under either federal or state law. 42 U.S.C. § 1983 does not permit such claims, and the Cross-Complaint is not authorized by, and thus is precluded by, the California Workers Compensation Act. The Cross-Complaint seeking equitable indemnity and contribution must therefore be dismissed as a matter of law, with prejudice.

## II.

## Summary of Facts

This action arises out of a work-related motor vehicle-pedestrian accident at the Prison. Plaintiff Paul Hoa, an inmate at the time of the incident, was in the custody of the California Department of Corrections ("CDCR") at the Prison for a drug-related felony. Third Amended Complaint ("TAC"), ¶7. As a condition of his incarceration, plaintiff was required to, and did, participate in a prison work program, and was thus assigned to assist commercial vehicles entering the Prison near the waterfront warehouse. *Id.* at ¶122. His duties included assisting the vehicles as they backed up, and helping to unload their goods. *Id.* at ¶122. On July 27, 2011, plaintiff was injured when he stepped behind a commercial truck trailer as it was backing up to a loading ramp, and was crushed between the back of the truck and the ramp. See, *Id.* at ¶12. Cross-Defendants are

alleged to have owned and operated the commercial truck involved in the incident. *Id.* at ¶¶48-56. The California State Compensation Insurance Fund has filed a Notice of Lien in this action for benefits paid plaintiff, as an employee of the Prison, under the California Workers Compensation Act. See, Notice of Lien, attached as Exhibit A to Request for Judicial Notice.

Plaintiff has filed suit under 42 U.S.C. § 1983 against his supervisors at the Prison for violating his federal constitutional rights. Specifically, he notes the inherent dangers and insufficient precautionary measures at the waterfront warehouse area, and that he and other inmates had complained to Cross-Claimants, his supervisors, on several occasions of the potential danger. *Id.* at ¶¶64-77, 89-97, 112-115, etc. Plaintiff alleges two claims for relief against Cross-Claimants, both under 42 U.S.C. § 1983: (1) Deliberate Indifference; (2) and Cruel and Unusual Punishment. *Id.* At ¶¶165-221. Both claims for relief are predicated on plaintiff's assertion that Cross-Claimants violated his rights guaranteed under the Eighth Amendment to the US Constitution. *Id.* Plaintiff alleges only state-law claims against Cross-Defendants, alleging negligence, negligent supervision, and negligent training. *Id.* at 222-232. This Court has supplemental jurisdiction over plaintiff's claims against Cross-Defendants under 28 U.S.C. § 1367.

Plaintiff filed his complaint on April 25, 2012, originally including the CDCR, the Prison, and Mathew Cate, head of CDCR, as defendants. See, Dkt. No. 1. On September 10, 2012, this Court dismissed the CDCR and the Prison as defendants on the basis of Eleventh Amendment Immunity. See, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Dkt. No. 29. On November 15, 2012, this Court dismissed Mathew Cate as a defendant. See, Order Granting Defendant's Motion to Dismiss, Dkt. No. 32. Plaintiff then filed his TAC on December 13, 2013 naming Cross-Claimants as defendants. See, Dkt. No. 119. Cross-Claimants moved to dismiss the complaint on March 7, 2014. See, Dkt. No. 127. This Court, however, determined that plaintiff alleged valid claims against Cross-Claimants for violation of his Eighth Amendment rights. See, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Dkt. No. 127. Cross-Claimants filed an answer to the TAC on June 23, 2014. See, Dkt. No. 136. At the same time, Cross-Claimants filed the Cross-Complaint at issue in this motion. See, Dkt. No. 138.

///

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
P.C.

Cross-Claimants allege three claims for relief: Indemnity; Contribution, and Declaratory Relief. ¶¶7-17. They incorporate allegations of plaintiff's TAC for reference without admitting the truth of any of the allegations made therein. *Id.* at ¶5. Cross-claimants then deny any liability for plaintiff's 42 U.S.C. § 1983 claims and contend that "in the event that" they are found to be liable to plaintiff, "such liability arises only by reason of the active and primary negligence or fault of Cross-Defendants, and each of them, and through no fault of Cross-Claimants." *Id.* at ¶¶9-10, 13-14. They seek declaratory relief in the form of an order declaring that Cross-Defendants "are obligated under the principles of equitable indemnity and contribution to a judgment, if any, against Cross-Defendants and in favor of plaintiff." *Id.* at ¶17. Cross-Defendants hereby move for dismissal of the Cross-Complaint on the grounds that, as a matter of law, Cross-Claimants are not entitled to equitable indemnity, contribution, or declaratory relief.

## III.

## **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), any party may move to dismiss any pleading, including a cross-claim for indemnity and contribution, for "failure to state claim upon which relief may be granted."; See also, *Independent Living Center of Southern Cal. v. City of Los Angeles,* 973 F.Supp.2d 1139 (C.D. Cal. 2013)(Cross-claims for indemnity and contribution filed by government defendants against non-state actors dismissed without leave to amend where claims lacked legal basis.).

In considering whether to dismiss a cross-claim, a court must accept as true all factual allegations contained in the pleading. See, *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). However, to survive a motion to dismiss, a pleading "must contain sufficient factual matter…to state a claim for relief that is plausible on its face." *Ahscroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not accept legal conclusions or unwarranted deductions of fact, however. *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004). Dismissal for failure to state a claim can also be warranted based on either a lack of cognizable legal theory or the absence of factual support for a

cognizable legal theory. See, *Mendiondo v. Centinela Hospital Medical Center,* 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV.

## **Legal Argument**

### A. Cross-Claimants fail to state a claim for relief for equitable indemnity or contribution under Federal Law.

"The right to contribution and indemnification are no different from other implied rights of action." *Mortgages, Inc. v. U.S. District Court,* 934 F.2d 209, 212 (9th Cir. 1991). "A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Id.* citing *Texas Industries, Inc. v. Radcliff Materials, Inc.* 451 U.S. 630, 638 (1981). Further, although federal courts do have the power to fashion federal common law where "a federal rule of decision is necessary to protect a uniquely federal interest," the "right of recovery from another wrongdoer..does not implicate any such interest." *Id.*; See also, See, *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO,* 451 U.S. 77(No authority to create right of indemnity or contribution in Title VII action.).

Here, plaintiff alleges that Cross-Claimants are liable under 42 U.S.C. § 1983. However, there is simply no federal right to indemnification or contribution provided in 42 U.S.C. § 1983. *Allen v. City of Los Angeles,* 92 F.3d 842, 845, Fn. 1 (9th Cir. 1996) overruled on other grounds in *Acri v. Varian Associates, Inc.,* 114 F.3d 999 (9th Cir. 1997). In *Banks v. City of Emeryville* (N.D.Cal.1985) 109 F.R.D. 535, a woman burned to death when the mattress in her jail cell caught fire. The City and its Police Department, sued under 42 U.S.C. § 1983, filed a third party complaint against the mattress manufacturer for indemnity and contribution. According to the District Court, the third party could not be liable under 42 U.S.C. § 1983 because it was not a state actor, and, in any event, Section 1983 does not provide a right of indemnity or contribution and thus any such claims are impermissible. *Id.* at 538; see also, *Anselmo v. Mull,* 2012 U.S. Dist. LEXIS 146934, pp. 23-29 (E.D. Cal. 2012)(Cross-Claim for equitable indemnity and contribution dismissed on grounds

LAW OFFICES OF
Geary,
Shea,
O'donnell,
Grattan &
Mitchell
p.c.

that 42 U.S.C. § 1983 does not support such claims.).

Thus, Cross-Claimants, like the state actors in *Banks,* are not entitled to seek indemnity or contribution for any claims alleged against them under 42 U.S.C. § 1983. Cross-Defendants are not state actors, and thus cannot share liability with Cross-Claimants. See, *Monroe v. Pape,* 365 U.S. 167, 184 (1961)(A private party may only incur § 1983 liability where their actions are carried out under "color of state law."). In any event, even if Cross-Defendants *were* acting under color of state law, Cross-Claimants *still* would not have a right to contribution or indemnity. See, *Mortgages, Inc., supra,* 934 F.2d at 212-214 (Even assuming third party defendants are jointly and severally liable under False Claims Act, Ninth Circuit issues writ of mandamus dismissing third party complaints for indemnity and contribution.) The Cross-Complaint seeking equitable indemnity and contribution must therefore be dismissed.

### B. California law does not permit Cross-Claimants to seek equitable indemnity or contribution and thus Cross-Claimants fail to state claims for relief under State Law.

A defendant in a § 1983 action may cross-claim for indemnity or contribution under state law theories *only* if such claims are authorized under the substantive requirements of *state law*. See, *Banks, supra,* 109 F.R.D. at 539-540. Cross-Claimants contend entitlement to equitable indemnity and contribution on the grounds that their liability, if any, arises only by reason of the active and primary negligence or fault of Cross-Defendants." *Id.* at ¶¶9-10, 13-14. California law, however, does not authorize such relief.

Under California law, the California Workers Compensation Act provides the exclusive remedies for all work-related injuries. See, Cal. Labor Code § 3600(a). Indeed, the Act applies to all injuries in the work place "in lieu of any other liability whatsoever to any person" and the rights enumerated in the Act are, subject to specified exceptions, "the exclusive remedy for injury or death of an employee against another employee of the employer acting within the scope of his or her employment." Cal. Labor Code §§ 3600(a), 3601. Thus, California law does not permit any cause of action arising from work related injury unless otherwise authorized. See, *Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.,* 14 Cal.App.4th 1595, 1606 (1993)(Claim for employer negligence not cognizable); see also; *Williams v. Schwartz,* 61 Cal.App.3d 628, 633 (1976)(Claim

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

for emotional distress suffered from witnessing husband's work–related injury not cognizable).

The Workers Compensation Act authorizes an injured employee to seek redress against a third party tortfeasor. Cal. Labor Code § 3852. It also specifically authorizes an *employer*—who pays or becomes obligated to pay compensation under the Act—to bring suit against a third party tortfeasor. *Id.* The employer may bring suit, however, only for those damages for which the employer became obligated to pay the employee. *Id.* In lieu of filing suit, the employer, or the employer's workers compensation insurance carrier, may either intervene in a civil suit or assert a lien against the employee's recovery. Cal. Labor Code §§ 3852, 3853. The Act does *not* authorize a co-*employee* to bring suit, nor does it authorize an employer to seek damages over and above any compensation paid to the employee. See, *Fischl v. Paller & Goldstein,* 231 Cal.App.3d 1299, 1302 (1991)(Negligence action by employer for loss beyond compensation benefits not cognizable.).

Plaintiff, as an inmate working at the waterfront warehouse at the Prison, is an employee within the meaning of the California Workers Compensation Act. Cal. Labor Code § 3370. It is undisputed that plaintiff has brought suit for a work-related injury. Thus, it cannot be disputed that the Workers Compensation Act is implicated. Plaintiff, thus, is authorized to bring suit. Also, plaintiff's employer under the Act, the CDCR and the Prison, may also bring suit for benefits paid. Instead, the CDCR and the Prison have been dismissed from this action, and in their place, the State Compensation Insurance Fund has issued a lien against plaintiff's recovery, if any, as is its prerogative. See, Notice of Lien.

Cross-Claimants, however, are, by their own admission, co-employees. Cross-Complaint, ¶1. They do not allege personal injury, and do not allege that they have paid, or become obligated to pay, compensation under the Act. Indeed, any right to sue for benefits paid pursuant to the Act have been subrogated by the Insurance Fund's lien; allowance of an additional claim could lead only to double recovery. Cross-Claimants are not authorized to bring suit in this action and thus their claims for equitable indemnity and contribution are impermissible. See, *California v. Superior Court,* 60 Cal.App.4th 659 (1997)(Claims for equitable indemnity and contribution against employer brought by third party tortfeasor not cognizable). Their Cross-Complaint must therefore be dismissed with prejudice.

Law Offices Of
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

# V.
## **Conclusion**

Cross-Claimants fail to state a claim for which relief may be granted. Neither federal nor state law support their Cross-Complaint for Equitable Indemnity, Contribution, and Declaratory relief. Cross-Defendants therefore respectfully request that this Court dismiss the Cross-Complaint with prejudice.

DATED: August 4, 2014

GEARY SHEA O'DONNELL
GRATTAN & MITCHELL, PC


*/s/ Robert W. Henkels*
ROBERT W. HENKELS
Attorneys for Defendants and Cross-Defendants
DAVID F. LOPEZ, T. GREGORY STAGNITTO;
BRIDGE TRANSPORT, and STAG LEASING
INC.