1  KAMALA D. HARRIS
   Attorney General of California
2  MARISA Y. KIRSCHENBAUER
   Supervising Deputy Attorney General
3  EDWARD R. FLUET
   Deputy Attorney General
4  State Bar No. 247203
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 703-5836
6    Fax:  (415) 703-5843
    E-mail:  Ned.Fluet@doj.ca.gov
7  *Attorneys for Defendants*
   *D. Moore, R. Chan, R. Riley, T. Foss, G. Moon, T.*
8  *Alioto, and R. Matteucci*

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  **NANCY TAN, Guardian Ad-Litem for**      C 12-2078 EMC
14  **PAUL HOA,**

15                            Plaintiff,

16         **v.**                             **CROSS-CLAIMANTS' MEMORANDUM
                                              OF POINTS AND AUTHORITIES IN
17                                            OPPOSITION TO CROSS-
    **RICHARD RILEY, et al.,**               DEFENDANTS' MOTION TO DISMISS
                                              CROSS-CLAIM**
18                            Defendants.
                                              Judge: Hon. Edward M. Chen
19                                            Date: September 11, 2014
                                              Time: 1:30 p.m.
20                                            Courtroom 5, 17th Floor
                                              Action Filed:  4/25/2012
21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

Memorandum of Points and Authorities .......................................................................... 1

Introduction ...................................................................................................................... 1

Statement of Facts ............................................................................................................ 1

Statement of Issues .......................................................................................................... 2

Legal Argument ............................................................................................................... 2

     I.     Standard of review ................................................................................... 2

     II.    Cross-Claimants may bring contribution and indemnification claims under section 1983. ........................................................................................... 3

     III.   Cross-Claimants may bring contribution and indemnification claims under state law ................................................................................................... 6

     IV.   The California workers compensation act does not preclude Cross-Claimants' contribution and indemnification claims. ............................... 9

Conclusion ...................................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Alexander v. Hargrove*
 1994 WL 444728 (E.D. Pa., Aug. 16, 1994) ............................................................ 5

*Allen v. City of Los Angeles*
 92 F.3d 842 (9th Cir. 1996) .................................................................................... 6

*Anselmo v. Mull*
 2012 U.S. Dist. LEXIS 146934 (E.D. Cal. 2012) .................................................. 6

*Ashcroft v. Iqbal*
 556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................. 3

*Banks v. City of Emeryville*
 109 F.R.D. 535 (N.D. Cal. 1985) ............................................................. 5, 6, 7, 8

*Beliveau v. Caras*
 873 F. Supp. 1393 (C.D. Cal. 1995) ..................................................................... 3

*Bowen v. Trieber*
 492 F. Supp. 2d 1206 (E.D.Cal.2006) ................................................................. 10

*Braden v. Texas A&M Univ. System*
 636 F.2d 90 (5th Cir. 1981) .................................................................................. 7

*Carey v. Piphus*
 435 U.S. 247 (1978) ............................................................................................. 7

*Coon v. Ledbetter*
 780 F.2d 1158 (5th Cir. 1986) .............................................................................. 8

*Cousins v. Lockyer*
 568 F.3d 1063 (9th Cir. 2009) .............................................................................. 3

*Daniels v. Williams*
 474 U.S. 327 (1986) ........................................................................................... 10

*Fischl v. Paller & Goldstein*
 231 Cal. App. 3d 1299 (1991) ........................................................................ 10, 11

*Fishman v. De Meo*
 604 F. Supp. 873 (E.D. Pa., 1985) .................................................................... 4, 5

*Hoffman v. McNamara*
 688 F. Supp. 830 (D.Conn. 1988) ..................................................................... 5, 7

# TABLE OF AUTHORITIES
### (continued)

**Page**

*In re Sunrise Securities Litigation*
    793 F. Supp. 1306 (E.D.Pa. 1992) ........................................................................ 5

*Jensen v. City of Oxnard*
    145 F.3d 1078 (1998) ................................................................................... 9, 10

*Klaitz v. New Jersey*
    2006 WL 1843115 (D. N.J. 2006) ........................................................................ 5

*Kohn v. Sch. Dist. of City of Harrisburg*
    2012 WL 5379283 (M.D. Pa. Oct. 31, 2012) ........................................................ 8

*Martinez v. California*
    444 U.S. 277 (1980) ........................................................................................... 8

*Maynard v. City of San Jose*
    37 F.3d 1396 (9th Cir. 1994) .............................................................................. 10

*Memphis Community School Dist. v. Stachura*
    477 U.S. 299 (1986) ........................................................................................... 7

*Miller v. Apartments and Homes of New Jersey*
    646 F.2d 101 (3rd Cir. 1981) ............................................................................... 4

*Moor v. County of Alameda*
    411 U.S. 693 (1973) ........................................................................................... 7

*Morgan v. Morgensen*
    465 F.3d 1041 (9th Cir. 2006) ............................................................................ 10

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ............................................................................... 3

*Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*
    451 U.S. 77, 101 S. Ct. 1571 (1981) ................................................................. 4, 5

*Parks Sch. of Bus. v. Symington*
    51 F.3d 1480 (9th Cir. 1995) ............................................................................... 3

*Robertson v. Wegmann*
    436 U.S. 584 (1978) ........................................................................................... 7

*Rudolph v. Adamar of New Jersey, Inc.*
    153 F. Supp. 2d 528 (D. N.J. 2001) ..................................................................... 5

# TABLE OF AUTHORITIES
### (continued)

**Page**

*SEC v. Cross Fin'l Services, Inc.*
    908 F. Supp. 718 (C.D. Cal. 1995) ......................................................................... 2

*Smith v. Fontana*
    818 F.2d 1411 (9th Cir.1987)................................................................................... 9

*State v. Superior Court (Glovsky)*
    60 Cal. App. 4th 659 (1997)............................................................................. 10, 11

*Sullivan v. Little Hunting Park, Inc.*
    396 U.S. 229 (1969) ................................................................................................ 4

*Texas Industries, Inc. v. Radcliff Materials, Inc.*
    451 U.S. 630 (1981) ................................................................................................ 5

*Wyatt v. Cole*
    504 U.S. 158, 112 S. Ct. 1827 (1992) ..................................................................... 8

**STATUTES**

California Code of Civil Procedure
    § 875............................................................................................................... 11

Federal Rules of Civil Procedure
    rule 12(b)(6) .......................................................................................................... 3

Labor Code
    § 3864............................................................................................................. 11

United States Code, Title 42
    § 1982....................................................................................................................... 4
    § 1983............................................................................................................. passim
    § 1988......................................................................................................... 2, 7, 6
    § 1988(a) ................................................................................................................. 6
    § 3601 et seq. . ....................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Cross-Claimants Riley, Alioto, Foss, Moon, Moore, Chan, and Matteucci have filed a Cross-Complaint against Cross-Defendants Lopez, Stagnito, Bridge Transport, and Stag Leasing, Inc. seeking contribution, equitable indemnification, and declaratory relief.  In their Motion to Dismiss, Cross-Defendants make two arguments: 1) section 1983 does not afford a right to contribution or indemnification; and 2) the California Workers Compensation Act preempts Cross-Claimants' contribution and indemnification claims.

Contrary to Cross-Defendants' position, numerous courts have found that section 1983 provides a right to contribution and indemnification.  And this case presents a unique factual situation that is suitable for contribution and indemnification claims.  Even assuming arguendo that section 1983 does not provide a right to contribution or indemnification, the Court may look to California state law, which unquestionably permits contribution and indemnification claims.  Further, Cross-Defendants' argument that the California Workers Compensation Act somehow preempts the Cross-Complaint is simply incorrect.  Nevertheless, the present record does not afford the Court a sufficient factual basis to conclude at this early stage, whether a right to contribution between joint tortfeasors could be consistent with the underlying goals of a section 1983 civil rights claim.  On that basis, Cross-Defendants' motion to dismiss the cross-complaint should be denied.

### STATEMENT OF FACTS[1]

Plaintiff Paul Hoa alleges that on July 27, 2011, he was struck and pinned between a vehicle and metal loading ramp while working as an inmate at a San Quentin State Prison warehouse work area.  (Pl. Third Am. Compl. ¶ 10.)  Plaintiff alleges that he was positioned behind the vehicle when it was completely stopped, and that the driver, Cross-Defendant Lopez, negligently backed up the vehicle to the ramp without waiting for Plaintiff to move, and before

---

[1] These facts are derived from Plaintiff's Third Amended Complaint.  Cross-Claimants do not concede the veracity of these allegations, and sets them forth here solely for purposes of this motion to dismiss.

1

Plaintiff or other inmate workers gave him the signal that it was safe to back up.  (*Id*. at ¶¶ 142-143.)

Plaintiff alleges that during the time of the accident, only Cross-Claimant Matteucci was present in the work area.  (*Id*. at ¶¶ 134-144.)  Plaintiff does not allege that the remaining Cross-Claimants were present during the incident.  (See generally *id*.)  Plaintiff alleges that Cross-Claimants Chan, Moon, Moore, and Matteucci are San Quentin State Prison employees directly responsible for supervising and communicating with inmate workers loading and unloading cargo from commercial vehicles at the work area.  (*Id*. at ¶¶ 18-22.)

Plaintiff alleges that he was also harmed by the Cross-Defendants' negligent conduct.  (*Id*. at ¶¶ 223-227.)  In addition to Cross-Defendant Lopez's negligent driving, Plaintiff contends that Cross-Defendants failed to adequately supervise, control, or otherwise monitor Cross-Defendants Lopez and Stagnitto's activities.  (*Id*. at ¶¶ 229-232.)  Plaintiff further alleges that Cross-Defendants failed to adequately train Lopez and Stagnitto.  (*Id*. at ¶¶ 234-237.)  As a result of Cross-Defendants' negligent driving, supervision, and training, Plaintiff contends that he suffered injuries.  (See generally *id*.)

## STATEMENT OF ISSUES

1.    May a defendant bring claims for contribution and indemnity against a co-defendant in a civil rights action brought under 42 U.S.C. § 1983?

2.    May a defendant bring claims for contribution and indemnity against a co-defendant under 42 U.S.C. § 1988 if such claims are permitted under state law and do not conflict with the purpose of section 1983?

3.    Does the California Workers Compensation Act preclude claims for contribution and indemnity in a civil rights action?

## LEGAL ARGUMENT

### I.    STANDARD OF REVIEW

A 12(b)(6) motion tests the legal sufficiency of the claims stated in a complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  Unless the answer is unambiguously "no," the motion must be denied.  *SEC v. Cross Fin'l*

2

*Services, Inc.*, 908 F.Supp. 718, 726-727 (C.D. Cal. 1995); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

A complaint "must plead 'enough facts to state a claim for relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (emphasis added) (citations omitted).

## II.   CROSS-CLAIMANTS MAY BRING CONTRIBUTION AND INDEMNIFICATION CLAIMS UNDER SECTION 1983.

Cross-Defendants argue that there is no right to contribution and indemnity under 42 U.S.C. § 1983 and therefore, Cross-Claimants' claims should be dismissed.  While it is true that some courts have held that there is no right to contribution, numerous published decisions have found a right to contribution under section 1983.  The issue is not clear and this case presents unique factual circumstances distinguishable from previous rulings where contribution or indemnification was deemed inappropriate.  On that basis, Cross-Defendants' motion to dismiss must be denied.

3

1    A right to contribution can arise in one of two ways - by statute, or as a function of federal

2    common law through the exercise of judicial power in fashioning appropriate remedies for

3    unlawful conduct.  *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77,

4    90, 101 S. Ct. 1571 (1981).  Although section 1983 does not contain specific language regarding

5    contribution, that is not dispositive if section 1983's underlying purpose, legislative history, and

6    structure would be furthered by implying a contribution right.  *See id*. at 91-92.  Instead, if

7    Congress's intent to create a contribution right can reasonably be inferred from the statute, the

8    Court can recognize an implied cause of action for contribution.  *Id*. at 91.  "The existence of a

9    statutory right implies the existence of all necessary and appropriate remedies."  *Sullivan v. Little*

10   *Hunting Park, Inc.*, 396 U.S. 229, 239 (1969).

11   Multiple courts have recognized a right to contribution in federal civil rights suits.  *See*

12   *Miller v. Apartments and Homes of New Jersey*, 646 F.2d 101 (3rd Cir. 1981).  In *Miller*, the

13   plaintiffs brought claims against the defendants for violations of the Fair Housing Act, 42 U.S.C.

14   3601 et seq., and the Civil Rights Act under 42 U.S.C. § 1982 – both statutes prohibit

15   discrimination in housing.  The Third Circuit Court of Appeals found an implied right to

16   contribution as a matter of federal common law and indicated that liable defendants may have the

17   liability amount reduced by the amount paid by co-defendants who previously settled.  When

18   federal law is deficient, the Civil Rights Act "invites federal courts to adopt state rules to further,

19   but not to frustrate, the purposes of the civil rights act."  *Miller*, 646 F.2d at 106.

20   In *Fishman v. De Meo*, 604 F. Supp. 873 (E.D. Pa., 1985), the District Court in the Eastern

21   District of Pennsylvania denied a defendant's motion to dismiss and found that contribution was

22   available in federal civil rights actions.  The District Court reviewed *Miller* in light of the

23   Supreme Court's decision in *Northwest Airlines*, 451 U.S. 77 (1981).[2]  The District Court found

24   that *Northwest Airlines* did not address the "availability of contribution in cases arising under

25   statutes other than Title VII and the Equal Pay Act."  *Id*. at 875.  The Court noted that the

26   *Northwest Airlines* holding stemmed from the proposition that "[t]he presumption that a remedy

27   ───────────────
     [2] The *Fishman* court recognized that *Miller* was a § 1982 case, and not a § 1983 case, but
28   found no distinction between those statutes for contribution purposes.  604 F. Supp. at 877, fn. 4.

4

1  was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive

2  legislative scheme including an integrated system of procedures for enforcement." *Id*. at 876,

3  quoting *Northwest Airlines*, 451 U.S., at 97.  The Court therefore reasoned that, unlike Title VII

4  and the Equal Pay Act, section 1983 lacks the sort of "comprehensive legislative scheme"

5  considered in *Northwest Airlines*.  *Id*.  The *Fishman* Court also reviewed the Supreme Court's

6  decision in *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981), and found it

7  supportive of the argument that comprehensive and detailed statutes are most likely to preclude

8  claims for contribution.  604 F.Supp. at 876-877; *see also Texas Industries, Inc*., 451 U.S. at 639-

9  40.  Ultimately, the Court found a right to contribution was appropriate in civil rights claims

10  brought under section 1983.

11  Other cases are in accord.  *See e.g. Klaitz v. New Jersey,* 2006 WL 1843115, *6 (D. N.J.

12  2006) (finding federal common law right to contribution in case involving inmate's excessive

13  force claims); *Rudolph v. Adamar of New Jersey, Inc.*, 153 F.Supp.2d 528, 538 (D. N.J. 2001)

14  (the remedies of indemnification and contribution may be available at federal common law);

15  *Alexander v. Hargrove*, 1994 WL 444728 (E.D. Pa., Aug. 16, 1994) (adopting decision in

16  *Fishman* and finding that Pennsylvania state law right to contribution and indemnity would also

17  apply)*; see also Hoffman v. McNamara,* 688 F.Supp. 830, 834 (D. Conn. 1988) (allowing a setoff

18  for settlement in a § 1983 action); *In re Sunrise Securities Litigation*, 793 F.Supp. 1306, 1317

19  (E.D. Pa. 1992) (holding non-settling defendants could pursue an action for indemnification

20  against the settling defendants under federal common law.)  In accordance with the above

21  authority, the Cross-Claimants are entitled to seek contribution and indemnification from the

22  Cross-Defendants for any liability that may be imposed upon them for the alleged violations of

23  Plaintiff's constitutional rights.

24  Moreover, the cases cited by Cross-Defendants are distinguishable.  In *Banks v. City of*

25  *Emeryville*, 109 F.R.D. 535 (N.D. Cal. 1985), an arrestee died after a mattress in her cell caught

26  fire.  The plaintiffs brought suit under 42 U.S.C. § 1983 against the city and the city's chief of

27  police, and the government defendants filed a third-party complaint against various private parties

28  that manufactured and sold the mattress.  The Court found that the state defendants could not

5

1   implead these third-parties because they were not state actors and "merely" sold a defective

2   mattress.  109 F.R.D. at 539.  In contrast, here, Plaintiff has alleged Cross-Defendants were the

3   primary cause of his injuries.  Cross-Defendants did not merely sell or manufacture the vehicle

4   that caused Plaintiff's injuries.  As alleged by Plaintiff, it was Cross-Defendants' negligent

5   operation of the truck that directly caused Plaintiff's injuries.  Consequently, should Cross-

6   Claimants be found liable for Plaintiff's injuries, Cross-Defendants should be found

7   contributorily liable for any damages that can be attributed to their negligence.

8          Cross-Defendants also cite to *Allen v. City of Los Angeles*, 92 F.3d 842, 845, Fn. 1 (9th Cir.

9   1996) for the proposition that they cannot be held liable under 42 U.S.C. § 1983.  *Allen*, however,

10   does not discuss this issue in any depth and simply cites to *Banks* in a footnote.  *Anselmo v. Mull*,

11   2012 U.S. Dist. LEXIS 146934 (E.D. Cal. 2012) is similarly distinguishable insofar as it does not

12   concern a civil-rights action brought by an injured inmate but, rather, concerns a section 1983

13   claim that arose out of a county's alleged wrongful interference with the plaintiffs' land.

14          The right to fashion an appropriate remedy for Cross-Claimants under the statute is

15   compelling.  Dismissing the complaint against Cross-Defendants leaves Cross-Claimants without

16   an appropriate remedy in contravention to the purpose and legislative intent of the statute.  As

17   discussed further below, the present case is unique because Plaintiff has asserted personal injury

18   claims against the parties that also implicate constitutional rights.  In a case such as this, where

19   Co-Defendants are each alleged to have been the direct and proximate cause of Plaintiff's injuries,

20   contribution and indemnification should be permitted under section 1983.

21   **III.   CROSS-CLAIMANTS MAY BRING CONTRIBUTION AND INDEMNIFICATION CLAIMS
          UNDER STATE LAW.**

22

23          Should this Court find that section 1983 does not contain an implied right to contribution or

24   indemnification, the Court should then look to state law.  *See Banks v. City of* Emeryville, 109

25   F.R.D. 535, 539-541 (N.D. Cal. 1985) (permitting state-law impleader in section 1983 cases).

26   When federal law is deficient or unsuited to furnish suitable remedies, section 1988(a) authorizes

27   a Court invoke state law, as long as it is "not inconsistent with the Constitution and laws of the

28   United States."  42 U.S.C. § 1988(a).  "[Section 1988] recognizes that in certain areas, 'federal

6

1    law is unsuited or insufficient "to furnish suitable remedies;" 'federal law simply does not 'cover

2    every issue that may arise in the context of a federal civil rights action.'" *Robertson v. Wegmann*,

3    436 U.S. 584, 588 (1978), quoting *Moor v. County of Alameda*, 411 U.S. 693, 703 (1973),

4    quoting 42 U.S.C. § 1988.

5       In *Banks*, the District Court found that defendants could not bring claims for contribution

6    and indemnity under section 1983 but to the extent defendants sought indemnification and

7    contribution based on state law theories, the claims were permissible.  109 F.R.D. at 539.  The

8    Court first found that California has permitted indemnification and contribution based on

9    comparative negligence.  *Id.* at 539-540.  The Court then held that the third-party complaint

10    should stand because the defendants properly alleged that the inmate's death was due, at least in

11    part, to the dangerous mattress that the third-party defendants manufactured and sold.  *Id.* at 540.

12    The Court noted, "One determination that a jury might make is that the tortious actions of the

13    third party defendants are, in whole or in part, responsible for the decedent's death, and that the

14    defendants should therefore be relieved of liability to the plaintiffs to that extent. "  *Id.* at 540-

15    541.  Notably, the Court found that although the defendants' liability was premised upon a federal

16    statute, and the third-party defendants' liability was derived from state law, the third party

17    complaint should still be allowed to proceed.  *Id.* at 540.  Here too a jury could easily determine

18    that Cross-Defendants' negligent operation of their vehicle was the sole or primary cause of

19    Plaintiff's injuries and therefore Cross-Claimants should be relieved of liability.

20       Application of state law in this case comports with the underlying purpose of section 1983

21    and therefore, this Court can invoke California law on Cross-Defendants' contribution and

22    indemnification claims.  "[W]hen § 1983 plaintiffs seek damages for violation of constitutional

23    rights, the level of damages is ordinarily determined according to principles derived from the

24    common law of torts."  *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305-306

25    (1986).  "The primary goal of § 1983 damages is to 'compensate persons for injuries that are

26    caused by the deprivation of constitutional rights.'"  *Hoffman v. McNamara*, 688 F.Supp. 830,

27    834 (D. Conn. 1988) quoting *Carey v. Piphus*, 435 U.S. 247 (1978).  Although section 1983 does

28    not create a cause of action for common law torts, *see Braden v. Texas A&M Univ. System*, 636

7

F.2d 90, 93 (5th Cir. 1981), courts frequently draw upon tort law principles to define elements of a claim, *see Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986) (stating "[c]onstitutional torts finds much of their sustenance in common law tort law.")  For instance, a section 1983 prima facie case inherently entails the tort-derived principle of proximate cause.  *See Martinez v. California*, 444 U.S. 277, 285 (1980).

Admittedly, some courts have declined to recognize a right to contribution and indemnification in section 1983 cases.  But this case provides an unusual factual scenario, insofar as Plaintiff's allegations present personal injury claims that also implicate constitutional rights. Notwithstanding, section 1983 should be interpreted to serve its intended function.  While one purpose of section 1983 is to afford a remedy to persons deprived of their constitutional rights, a secondary purpose is to deter malicious conduct.  *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S. Ct. 1827  (1992).  To dismiss Cross-Claimants' complaint would be to diminish the deterrent effect of section 1983 because responsible parties would escape liability.  Deterrence is served "as long as the violators are aware that they may be liable in damages, even if the may lessen the impact by obtaining contribution from another party."  *Kohn v. Sch. Dist. of City of Harrisburg,* 2012 WL 3560822 (M.D. Pa. Aug. 16, 2012) reconsideration denied, 2012 WL 5379283 (M.D. Pa. Oct. 31, 2012) (finding no inconsistency with the goal of deterrence if civil rights violators seek contribution.)  Allowing contribution in this case serves deterrence in a direct way by holding all violators responsible for Plaintiff's injuries.

Cross-Claimants are not making a claim against Cross-Defendants as state actors and are not suing them for an unconstitutional policy or practice or under any civil rights theory.  Nor are Cross-Claimants attempting to pass off their constitutional obligations onto a third-party; rather, Cross-Claimants are simply apportioning the fault for Plaintiff's injuries among the responsible tortfeasors.  The Cross-Complaint is predicated upon the physical injuries Plaintiff alleges he received after Cross-Defendants' truck crushed him.  The compensatory damage claim for these injuries, irrespective of whether the Cross-Claimants' conduct was constitutional, is a proper basis for contribution.  *See Banks*, 109 F.R.D. at 540-541.  The Cross-Claimants' claims for contribution and indemnification state a plausible state law claim and should not be dismissed at

8

1    the pleading stage of this litigation; accordingly, Cross-Defendants' Motion to Dismiss should be

2    denied.

3    **IV.   THE CALIFORNIA WORKERS COMPENSATION ACT DOES NOT PRECLUDE CROSS-**
     **CLAIMANTS' CONTRIBUTION AND INDEMNIFICATION CLAIMS.**

4

5         Cross-Defendants argue that the Cross-Claimants may not bring a contribution and

6    indemnity action against them because this matter implicates the California Workers

7    Compensation Act.  (ECF 146 at 7-8.)  Cross-Defendants fail to recognize, however, that

8    Plaintiff's claims against the Cross-Claimants are not for an unsafe workplace, negligence, or

9    some other typical Workers Compensation claim.  Rather, Plaintiff has alleged that the Cross-

10   Claimants violated his constitutional rights and therefore, the California Workers Compensation

11   Act is not implicated.

12        The Ninth Circuit has held that state workers compensation laws do not preclude a section

13   1983 claim.  In *Jensen v. City of Oxnard*, 145 F.3d 1078 (1998), an Oxnard police officer was

14   accidentally shot by a fellow officer during a SWAT raid.  The deceased officer's widow filed a

15   complaint alleging that the "intentional and reckless acts" of the shooting officer were the result

16   of Oxnard's "deliberate indifference" in training and controlling its officer, resulting in a

17   violation of her husband's civil rights.  145 F.3d at 1082.  Oxnard moved to dismiss the suit on

18   the grounds that the case presented a "safe workplace" case.  *Id.* at 1083.  The Ninth Circuit

19   acknowledged that the case was similar to safe workplace cases.  *Id.* at 1084.  The Court found,

20   however, that the case was also different because it concerned reckless acts by government

21   employees against another government employee.  *Id.*  Even as a government employee, the

22   decedent maintained certain constitutional rights that could be violated by the police department.

23   *Id.*

24        The Ninth Circuit explicitly rejected Oxnard's argument that state workers' compensation

25   laws precluded the section 1983 claim.  *Id.* at 1084, n. 3.  "[T]o the extent workers' compensation

26   precludes recovery for other causes of action, it does not preclude recovery for claims involving

27   'substantive rather than procedural constitutional rights.'"  *Id.,* quoting *Smith v. Fontana*, 818

28   F.2d 1411, 1419–20 (9th Cir.1987).  "'If the claim [concerns a] ... violation of one of the specific

9

1    constitutional guarantees of the Bill of Rights[ ], a plaintiff may invoke § 1983 regardless of the

2    availability of state remedy.'" *Id.,* quoting *Daniels v. Williams*, 474 U.S. 327 (1986) (separate

3    opinion of Stevens, J.)  Citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1405 (9th Cir. 1994),

4    the Court noted that it had previously found that personal injury claims that implicate

5    constitutional rights are not preempted by workers compensation laws.  *Id.*; *see also Morgan v.*

6    *Morgensen*, 465 F.3d 1041, 1044 (9th Cir. 2006) opinion amended on reh'g, 2006 WL 3437344

7    (9th Cir. Nov. 30, 2006) (injured inmate filed a § 1983 claim and workers' compensation claim

8    with the Washington Department of Labor and Industries; Ninth Circuit found the availability of

9    a remedy under state workers compensation law did not preclude a § 1983 claim); *Bowen v.*

10   *Trieber*, 492 F.Supp.2d 1206, 1212 n. 5 (E.D. Cal.2006) (applying *Jensen* to an Eighth

11   Amendment claim of deliberate indifference to serious medical need).

12       Similarly, Plaintiff has not brought a safe workplace lawsuit against the Cross-Claimants;

13   rather, he alleges claims under 42 U.S.C. § 1983.  As a matter of law, such constitutional claims

14   are not preempted the California Workers Compensation Act.  *See Jensen, infra*.  None of the

15   cases cited by Cross-Defendants in support of their workers compensation argument concern

16   personal injury claims that also implicate a constitutional right, and therefore, those cases are

17   distinguishable.  Indeed, only one of these cases concerned injuries caused by or to a public

18   employee and in that case, *State v. Superior Court (Glovsky)*, 60 Cal. App. 4th 659 (1997), the

19   plaintiff did not allege any constitutional violations.

20       Cross-Defendants argue that Cross-Claimants and Plaintiff are co-employees and therefore

21   Cross-Claimants cannot bring contribution and indemnification claims against Cross-Defendants.

22   In support of this theory, Cross-Defendants cite to *Fischl v. Paller & Goldstein*, 231 Cal.App.3d

23   1299 (1991).  *Fischl* concerns an employer that filed a complaint in intervention against a third-

24   party tortfeasor.  The tortfeasor injured the employer's employee and, as a result, the employer's

25   workers' compensation premiums increased and the employer suffered lost profits.  *Id.* at 1301-

26   1302.  The Court of Appeal held that an employer may not recover from a third-party tortfeasor

27   the expenses and lost profits that the employer incurred as a result of negligent injury to his

28   employee.  *Id.* at 1303.

1    *Fischl* does not support Cross-Defendants' argument.  First, *Fischl* does not even discuss

2    claims brought by co-employees.  Second, Cross-Claimants were not Plaintiff's employers.  Third,

3    *Fischl* does not discuss contribution and indemnification claims brought by a co-tortfeasor.

4    Instead, *Fischl* discusses an employer's right to recover increased insurance premiums caused by

5    the negligent act of a third party, and finds the economic harm to be too remote to be recoverable.

6    In contrast, here, Cross-Claimants have brought claims against a co-tortfeasor, and not Plaintiff's

7    employer, for injuries that Cross-Defendants directly and proximately caused.

8        Cross-Defendants also rely on *State v. Superior Court (Glovsky)*, *supra*, to argue that Cross-

9    Claimants are not entitled to bring claims for contribution and indemnification.  In *Glovsky*, the

10   plaintiff was injured while riding in a vehicle driven by a co-employee.  Plaintiff's vehicle

11   collided with the defendant's vehicle and plaintiff filed a complaint against defendant for personal

12   injuries.  60 Cal.App.4th at 661.  Defendant then filed a cross-complaint for indemnity and

13   contribution against plaintiff's employer, the State of California, and the driver of plaintiff's

14   vehicle, another state employee.  *Id.*  The Court of Appeal held that Labor Code section 3864

15   prohibits a third-party tortfeasor from seeking contribution or equitable indemnity from an injured

16   employee's employer.  *Id.* at 663-664.

17       Here, however, Cross-Claimant's are not seeking contribution or indemnity from Plaintiff

18   or Plaintiff's employer.  Rather, Cross-Claimants are seeking contribution and indemnification

19   from co-tortfeasors, which is permitted under section 875 of the California Code of Civil

20   Procedure.  The effect of Labor Code section 3864 is limited to where one of the joint tortfeasors

21   is the employer of the injured plaintiff.  Cross-Claimants have found no authority to suggest that

22   the Workers Compensation Act precludes contribution and indemnification claims among co-

23   tortfeasors.  Accordingly, *Glovsky* and the other cases cited by Cross-Defendants are wholly

24   inapplicable and Cross-Defendants' workers compensation arguments should be disregarded.

25   ///

26   ///

27   ///

28   ///

11

1

**CONCLUSION**

2      Cross-Claimants Riley, Alioto, Foss, Moon, Moore, Chan, and Matteucci respectfully

3   request that the Court deny Cross-Defendants Lopez, Stagnito, Bridge Transport, and Stag

4   Leasing, Inc.'s Motion to Dismiss Cross-Claim for Equitable Indemnity, Contribution, and

5   Declaratory Judgment.  The Cross-Claimants' claims for contribution and indemnity state a

6   plausible claim and should not be dismissed at the pleading stage of this litigation.

7   Dated:  August 18, 2014                          Respectfully Submitted,

8                                                    KAMALA D. HARRIS
                                                     Attorney General of California
9                                                    MARISA Y. KIRSCHENBAUER
                                                     Supervising Deputy Attorney General
10

11

12                                                   /s/ Edward R. Fluet
                                                     EDWARD R. FLUET
13                                                   Deputy Attorney General
                                                     Attorneys for Defendants
14                                                   D. Moore, R. Chan, R. Riley, T. Foss, G.
                                                     Moon, T. Alioto, and R. Matteucci
15

16   SF2012205056
     41052421.doc

17

18

19

20

21

22

23

24

25

26

27

28