JOHN F. GEARY, ESQ. SBN 137777
RAYMOND J. FULLERTON. SBN 219264
ROBERT W. HENKELS, ESQ. SBN 255410
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, California 95404
Telephone: 707/545-1660
Facsimile: 707/545-1876

Attorneys for Defendants
DAVID F. LOPEZ, T. GREGORY STAGNITTO;
BRIDGE TRANSPORT, STAG LEASING INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD RILEY, an individual; et. al.<br><br>Defendants. | CASE NO.: CV 12 2078 EMC<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS CROSS-CLAIM FOR EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF**<br><br>Date: September 11, 2014<br>Time: 1:30 p.m.<br>Courtroom 5, 17th Floor |

## I.

## Introduction

As set forth in Cross-Defendants' moving papers, dismissal of the Cross-Claim for Equitable indemnity, Contribution, and Injunctive Relief is warranted on the grounds that neither 42 U.S.C. § 1983 nor California state law permit any such action in these circumstances. In their Opposition, Cross-Claimants' Opposition assert that 42 U.S.C. § 1983 *does* support a contribution or indemnification action, but this claim is at odds with the authority of this Circuit and reliant upon a Third Circuit case of little or no persuasive value. Further, Cross-Claimants fail in their Opposition to justify a basis for their Cross-Claim under state law, given that any state-law claim arising out of the incident at issue is preempted by the California Workers Compensation Act. Cross-Claimants thus fail justify any claim for relief, and the Cross-Claim must be dismissed.

///

## II.
## Legal Argument

1. **Cross-Claimants' claim that 42 U.S.C. § 1983 supports their Cross-Claim is inconsistent with the law of this Circuit and they fail to introduce any competent authority to the contrary.**

Cross-Claimants oppose Cross-Defendants' Motion to dismiss on the grounds that 42 U.S.C. § 1983 does, indeed, support a federal right for contribution and indemnification, but this assertion is at direct odds with the law of this Circuit. The Ninth Circuit has in fact expressly answered this question: "There is no federal right to indemnification provided in 42 U.S.C. § 1983." *Allen v. City of Los Angeles,* 92 F.3d 842, 845, Fn. 1 (9th Cir. 1996) overruled on other grounds in *Acri v. Varian Associates, Inc.,* 114 F.3d 999 (9th Cir. 1997). Cross-Claimants argument that the Ninth Circuit's clear admonition is not authority in this case is not shared by the District Courts in this Circuit and thus must be disregarded. See, *De Groff v. Las Vegas Metropolitan Police Department,* 2013 U.S. Dist. LEXIS 45977, WL 1405848, pp. 4-5 ) (Dist. Nev. 2013) (Per *Allen*: "The Ninth Circuit has unequivocally held that 'there is no federal right to indemnification provided in 42 U.S.C. § 1983.'"); *Anselmo v. Mull,* 2012 U.S. Dist. LEXIS 1496934 (E.D. Cal. 2012)(*Allen* decision compels dismissal of cross-claim for equitable indemnity and contribution in 42 U.S.C § 1983 action); *Hurley v. Horizon Project, Inc.,* 2009 U.S. Dist. LEXIS 124632, 2009 WL 5511205, p. 7 fn. 4. (*Allen* cited in support of dismissal of cross-claim for contribution in 42 U.S.C. § 1983 action.). It is thus settled that, in this Circuit, Section 1983 *does not* allow a federal right to indemnity or contribution. See, *Banks v. City of Emeryville,* 109 F.R.D. 535 (N.D. Cal. 1985).

Rather than rely on the courts of this Circuit, Cross-Claimants introduce a Third Circuit case, *Miller v. Apartments and Homes of New Jersey,* 646 F.3d 101 (3rd Cir. 1981) of questionable, if any persuasive value. That case was decided two days after the Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77 (1981) and a month before the Supreme Court decided *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630 (1981). In *Northwest Airlines,* the Supreme Court held that the Courts could not create a common-law right to contribution in Title VII and Equal Pay Act cases. 451 U.S. at 97. In *Texas Industries,* an anti-trust case, the Court limited the right to create common law claims for contribution even

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

further, holding that, absent specific congressional authorization, a right to contribution was only appropriate in "narrow areas" such as those concerned with the rights and obligations of the United States, interstate and international disputes, and admiralty cases. 451 U.S. at 640-641.

*Miller,* in which the Third Circuit found a right to contribution in a § 1983 action *without* the aid of the two controlling Supreme Court cases on this topic, offers very little guidance, even in the Third Circuit. See, *Kohn v. School District,* 2012 U.S. Dist. LEXIS 115547 (E.D. Penn 2012)(Pennsylvania District Court determines that *Miller* holding over ruled by *Texas Industries, Inc.*). It is no surprise then, that the vast majority of courts have declined to find any contribution right under 42 U.S.C. § 1983. See, e.g., *Crews v. County of Nassau,* 612 F. Supp.2d 199, 213 (E.D.N.Y. 2009)("this Court agrees with the clear majority of courts that, in general, permitting a right of contribution under Section 1983 would conflict with the policies underlying the statute and is, therefore, inapplicable to defendants in Section 1983 actions.") Cross-Claimants thus fail to provide any competent authority in support of their Cross-Claim.

Finally, this Court should decline Cross-Claimants' request to create a right of contribution and indemnification where none exists. In an apparent admission that there is no current right to contribution or indemnification, Cross-Claimants request that one be "fashion[ed]" and that such a result is "compelling." Only Cross-Claimants in this action, however, may be liable for a violation of civil rights and any finding to the contrary is inconsistent with the purpose of the statute. The purpose of the Civil Rights Act is to safeguards the rights of individuals against the "misuse of power, possessed by virtue of state law," and thus acts, not only to see right individual wrongs, but to penalize the offender. See, *Monroe v. Pape,* 365 U.S. 167, 184 (1961). Thus, in this case, to the extent that Cross-Claimants may held responsible in any part for plaintiff's injuries, they may not pass that responsibility on to other parties. See *Wrights v. Reynolds,* 703 F.Supp. 583, 592 (N.D. Tex. 1988) (Civil Rights Act does not speak to rights of those who violate the civil rights of others; rights of contribution and indemnification are not remedies for violations of federal civil rights). Any claim for equitable indemnity or contribution is therefore inappropriate in these circumstances.

///

///

## 2. Cross-Claimants fail to establish any basis for their Cross-Claim under State law as any such claims are preempted by the California Workers Compensation Statutes.

Cross-Plaintiff spend considerable effort in their Opposition to defend the perfectly reasonable—and uncontested—proposition that, where no federal right of contribution exists, a District Court may then look to state law. See, Opposition, pp. 6-9. In fact, both Cross-Claimants and Cross-Defendants cite the same case, *Banks v,* 109 F.R.D. 535 at 539-541[1] for this assertion. The issue here, however, is not whether a court may look to state law to support a contribution claim. Rather, in this case, *neither* federal law *nor* state law support an equitable indemnity or contribution claim and thus the Cross-Claim fails to state a claim upon which relief may be granted.

The case upon which Cross-Claimants primarily rely is therefore inapposite. In *Jensen v. City of Oxnard,* 145 F.3d 1078, 1083-1085 (9th Cir. 1998) the Ninth Circuit merely found that a plaintiff, or his heirs, may sue an employer for violation of federal constitutional rights under 42 U.S.C. § 1983 regardless of the availability of a state law remedy. Again, Cross-Defendants do not contest this point. Indeed, plaintiff's complaint against Cross-Claimants is entirely dependent upon this legal conclusion. That case *does not*, however, hold that Cross-Claimants may allege a federal claim for contribution and indemnification, nor does it address whether state law provides such a right.

In this case, in fact, as set forth in the moving papers, State law *does not* provide a right to contribution or indemnification. The Workers Compensation Act applies in California to all injuries in the work place "in lieu of any other liability whatsoever to any person" and provides "*the exclusive remedy* for injury or death of an employee against another employee of the employer acting within the scope of his or her employment." Cal. Labor Code §§ 3600(a), 3601 (emphasis added). It is not disputed that plaintiff, a former inmate, suffered a work-related injury within the

---

[1] Cross-Claimants cite *Banks,* 109 F.R.D. 535, however, only after attempting to distinguish it. The reasons for doing so are clear, as *Banks* stands for the clear proposition that 42 U.S.C. § 1983 does not support a federal contribution claim. See, *Id.* at 538. Cross-Claimants cannot have it both ways then, and cite the same case for a later proposition they feel suits them. Instead, *Banks* holds *both* that § 1983 does not permit a federal contribution or indemnity action and that Courts may, generally, look to state law for support of such claims. In any event, *Banks* is not distinguishable on the grounds, as Cross-Claimants contend, that that case involved a products liability claim and the instant action involves a negligence claim. Both claims are based on state law and thus *Banks* remains very persuasive authority.

meaning of the California Workers Compensation Act. It is also not disputed that Cross-Claimants are former supervisors or co-employees of plaintiff within the meaning of the California Workers Compensation Act.

Thus, any state-law contribution or indemnification claim in this case is preempted. Under state law, plaintiff *cannot* sue Cross-Claimants under state law, and Cross-Claimants *cannot* be liable under state law. See, *Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.,* 14 Cal.App.4th 1595, 1606 (1993)(Claim for employer negligence not cognizable); see also *Williams v. Schwartz,* 61 Cal.App.3d 628, 633 (1976)(Claim for emotional distress suffered from witnessing husband's work–related injury not cognizable). And, therefore, any equitable indemnity or contribution action under *state law* is also inappropriate. "Indemnity [in California] does not invariably follow fault; it is premised on a joint legal obligation to another for damages." *Western Steamship Lines, Inv. v. San Pedro Peninsula Hospital,* 8 Cal.4th 100, 114-115. "As to matters of substantive law…it is wholly derivative and subject to whatever immunities or other limitations on liability would otherwise be available." *Id.* Cross-Claimants and Cross-Defendants do not share a joint legal obligation under state law. Any obligation Cross-Plaintiffs may have had have been subsumed under the remedies under the Workers Compensation statutes, and are now reflected in a Notice of Lien, filed by their employer's carrier (See, RJN, Exh. A), and they are precluded from any further recovery.

Moreover, even if the Cross-Claim is not subrogated, which it is, the Cross-Claim *still* must be dismissed on the grounds that allowing such a claim in these circumstances would be inequitable. The doctrines of equitable indemnity and contribution are *equitable* doctrines to prevent the unjust enrichment of one co-tortfeasor over another. *Miller v. Ellis,* 103 Cal.App.4th 373, 380 (2002). Such remedies are therefore "not appropriate where it would have the effect of allowing one tortfeasor to profit at the expense of other tortfeasors." *Id*.

In this case, it is undeniable that Cross-Defendants may not seek equitable indemnity under state law principles against Cross-Claimants. See, See, *California v. Superior Court,* 60 Cal.App.4th 659 (1997)(Claims for equitable indemnity and contribution against employer brought by third party tortfeasor not cognizable). To allow Cross-Plaintiffs to allege such a claim, where

Reply Brief in Support of Motion to Dismiss Cross-Complaint for Equitable Indemnity, Contribution, and Declaratory Relief

Cross-Defendants cannot, would be inequitable and impermissible under California law. The Cross-Claim for Equitable Indemnity and Contribution must therefore be dismissed.

### III.

### **Conclusion**

The Cross-Claim is simply not appropriate in these circumstances. To the extent that plaintiff may be entitled to redress for his injuries, a claim both Cross-Claimants and Cross-Defendants do and shall dispute, he may do so under his currently pled theories. Cross-Claimants, however, cannot shift any of their possible responsibility for a violation of plaintiff's civil rights onto Cross-Defendants, just as Cross-Defendants cannot shift any their possible responsibility for negligence onto Cross-Claimants. Any finding to the contrary is inconsistent with existing federal and state law, and is inequitable.

DATED: August 25, 2014

GEARY SHEA O'DONNELL
GRATTAN & MITCHELL, PC

*/s/ Robert W. Henkels*
ROBERT W. HENKELS
Attorneys for Defendants and Cross-Defendants
DAVID F. LOPEZ, T. GREGORY STAGNITTO;
BRIDGE TRANSPORT, and STAG LEASING INC.

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**