1  Gene H. Shioda, Bar No. 186780
   James A. Kim, Bar No. 220763
2  Jason Y. Lie, Bar No. 233614
   LAW OFFICE OF GENE H. SHIODA
3  5757 West Century Blvd., Suite 700
   Los Angeles, California 90045
4  lawofficeofghs@yahoo.com
   Telephone: 310/348-7222
5  Fax: 310/348-7220
   Attorneys for PLAINTIFF PAUL HOA
6
7
   John F. Geary (SBN 13777)
8  Raymond J. Fullerton (SBN 219264)
   Robert W. Henkels (SBN 255410)
9  GEARY, SHEA, O'DONNELL, GRATTAN, AND MITCHELL
   37 Old Courthouse Square, Fourth Floor
10 Santa Rosa, CA 95404
   Telephone: (707) 545-1660
11 Fax: (707)545-1876
   Attorneys for David F. Lopez, T. Gregory Stagnitto, Bridge Transport
12 Stag Leasing, Inc.
13
14 KAMALA D. HARRIS
   Attorney General of California
15 MARISA Y. KIRSCHENBAUER
   Supervising Deputy Attorney General
16 EDWARD R. FLUET (SBN: 247203)
   MANEESH SHARMA (SBN: 280084)
17 Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
18 San Francisco, CA 94102
   Telephone: (415) 703-5553
19 Fax: (415) 703-1234
   Attorneys for R. Riley, T. Alioto, T. Foss, G. Moon,
20 D. Moore, R. Chan, and R. Matteucci
21
22
23        **UNITED STATES DISTRICT COURT**
24
25        **NORTHERN DISTRICT OF CALIFORNIA**
26
27  PAUL HOA, an individual.          Case No.    3:12-cv-02078-EMC
28                  Plaintiff,

                                1
   **JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

vs.

RICHARD RILEY, an individual; RONALD CHAN, an individual; DAVID MOORE, an individual; RAYMOND MATTEUCCI, an individual; THOMAS ALIOTO, an individual; GEORGE MOON, an individual; TAMMY FOSS, an individual, DAVID F. LOPEZ , an individual; T. GREGORY STAGNITTO, an individual; BRIDGE TRANSPORT, an entity of unknown form; STAG LEASING, INC., a California corporation; and DOES 1 to 20, Inclusive.

Defendants.

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

Date: December 11, 2014
Time: 1:30 PM
Dept: Courtroom 5, 17th Floor
Judge: Honorable Edward Chen

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service

   A.  All parties have been served.

   B.  No dispute as to Personal Jurisdiction as to Non-State Defendants.

2. Facts

PLAINTIFF:

   This action is for money damages as a result of a catastrophic injuries sustained by Plaintiff on July 27, 2011, while in custody at San Quentin

2
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

Prison.  Plaintiff was a prisoner in the custody of California Department of

Corrections and Rehabilitation ("CDCR").   Plaintiff was expected to be paroled in

April 2012. Plaintiff, as part of his prison work duties, was working between a

raised loading dock and commercial containers trucks, without any reasonable

safety precautions in this dangerous circumstance. The location was the

Waterfront Warehouse.

The commercial vehicle drivers were not permitted to turn their engines off,

speak to Plaintiff or get out of the vehicle for any reason.   The trucks were also

delivering goods in a confined space   and a high rate of delivery caused by a

prison population that has well exceeded design capacity for operations within any

imaginable range of safety.   The requirements to supply the Prison its necessary

goods has surpassed the original design limits of the prison, and the loading docks

and loading procedures disregarded any safety protocol or safeguards.   Plaintiff

was provided a green jump suit to maneuver between the container trucks and the

loading dock, and no other safety device, mechanism, procedure, training, or

assistance were provided.   It appears before Plaintiff's accident, inmates

complained about safety and situations similar to how the Plaintiff was injured to

the requested new defendants. In fact, one inmate was fired at Waterfront

Warehouse for complaining about safety weeks before Plaintiff was injured.

Without warning or opportunity to avoid, the rear of the commercial vehicle

3

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

(Defendant Stag), where Plaintiff was performing the dangerous task of opening the doors on the container prior to it approaching the raised loading dock, surged towards him in moments, Plaintiff was crushed between the back of the container and the raised loading dock.

As a result, Plaintiff was pinned against the wall by the commercial vehicle, which continued to back up as the driver was unaware that Plaintiff was pinned.  Plaintiff suffered permanent and catastrophic injuries to his spinal column at the neck, leaving him permanently paralyzed from the neck down.   Plaintiff also suffered a fractured jaw, severed nerves, crushed tissue, and deep lacerations.   Plaintiff is hospitalized and recovering but is unable to breathe without the assistance of a ventilation machine to assist his damaged lungs and is paralyzed without any movements in the arms or legs.

Plaintiff sued T. Gregory Stagnitto, Bridge Transport, Stag Leasing, Inc. and David F. Lopez, the driver of the vehicle for negligence. Plaintiff filed a workers' compensation action and the Claim number is 05721930.

DEFENDANTS STAG, ET AL (NON-STATE DEFENDANTS):

Defendants Bridge Transport, LLC, Stag Leasing, David F. Lopez, and T. Gregory Stagnitto dispute liability for the incident and contend that fault rests exclusively with plaintiff, CDCR, State of California, State employees, and potentially other unknown entities/persons.

4
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

Defendants contend that David F. Lopez was a properly licensed and trained employee of Bridge Transport, which was delivering food products to San Quentin Prison.   Lopez was operating a truck and trailer owned by Stag Leasing, Inc. Lopez was on state prison premises and was provided instructions by plaintiff and the prison upon entering the premises, to include where to go, when to go, and when to proceed in a reverse direction.   Plaintiff was authorized to and did, in fact, provide defendant with instructions to move in a reverse direction and to properly guide the rear trailer to a metal loading dock ramp.   Plaintiff provided hand and arm signals to driver Lopez to move in reverse to the ramp, with which Lopez complied, traveling at an extremely low rate of speed.   The rig was properly equipped with a functioning audible reverse alarm.   When the trailer was within feet of the ramp, plaintiff, for no apparent reason, placed himself between the trailer and ramp whereby he sustained injury.   The incident was fully investigated by the CHP, who concluded plaintiff was at fault for the incident.

STATE DEFENDANTS:

Defendants Riley, Alioto, Foss, Moon, Moore, Chan, and Matteucci dispute liability for the incident and contend that fault rests exclusively with Plaintiff, Bridge Transport, LLC, Stag Leasing, David F. Lopez, and T. Gregory Stagnitto, and potentially other unknown entities/persons.   Defendants further deny Plaintiff's allegations that "inmates complained about safety and situations similar

5
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

to how the Plaintiff was injured" to Defendants and that any inmate was "fired for

complaining about safety."    Defendants further deny Plaintiff's allegation that

work area and procedures for loading and unloading goods where Plaintiff

suffered his injury "disregarded any safety protocol or safeguards."

3.  <u>Legal Issues</u>

As to Defendants David F. Lopez, T. Gregory Stagnitto, Bridge Transport,

and Stag Leasing, Inc., there are no current procedural issues.   These defendants

dispute liability and contend Greg Stagnitto should be dismissed in that the

incident occurred while Mr. Lopez was within the course and scope of a properly

formed Limited Liability Company.

State Defendants dispute liability.

4.  <u>Motions</u>

The Court has not yet ruled on Defendants David F. Lopez, T. Gregory

Stagnitto, Michael Martel, Bridge Transport and Stag Leasing, Inc., Motion to

Dismiss State Defendants' Cross Complaint, filed August 4, 2014.   On December

4, 2014, the Court ordered additional briefs.

5.  <u>Amendment of Pleadings</u>

Depending on the Court's ruling on their Motion to Dismiss, the Non-State

Defendants anticipate cross/counter claims vs. persons, entities with legal

responsibility of the incident within 60 to 75 days. 6.  <u>Evidence Preservation</u>

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

Prior to the litigation Plaintiff demanded that the parties preserve all evidence in the matter by way of letter.   All defendants have not and will not destroy evidence. Limited discovery did commerce on State Defendants pursuant to Court Order.

7. Disclosures

Plaintiff and Non-State Defendants provided disclosures.   The parties agreed to exchange amended and updated disclosures on or before December 18, 2014.

8. Discovery

Pre-complaint discovery was done as outlined in the prior court orders. The Plaintiff and Non-State defendants reserve the right to re-depose individuals who were previously deposed by plaintiff on the limited and circumscribed basis allowed by the Court's prior Order.   These depositions were limited in time and subject matter.   Plaintiff and Non-state defendants also anticipate that they may require more depositions than allotted to all defendants collectively under FRCP, Rule 30(a).

State Defendants contend that re-deposing individuals previously deposed by Plaintiff is unnecessary and overly burdensome, and if such depositions are permitted they should be limited in time.   State Defendants are willing to meet-and-confer with non-State Defendants on this subject.

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

9.  Class Actions

      This is not a class action.

10.  Related Cases

      There is no related civil cases.

11.  Relief

      Damages sought will be in excess of $40,000,000.00.   Plaintiff is a quadriplegic as a result of this incident. At this time, he is unable to breathe on his own and is on a ventilator. Currently, medical care exceeds $3,000,000.00 with significant care to do.

      Plaintiff is deemed Totally Disabled.   Plaintiff has a spinal cord injury with subsequent tetraplegia, vent dependency, neurogenic bowel, neurogenic bladder and pain. He is nursing care facility with 24 hour watch.

      Plaintiff has the lost use of his hands, arms, legs, and limited neck movement. He is currently living in a care center that is working with him to get range of motion on his neck so that he can be ambulatory in a wheel-chair. Plaintiff is on significant pain medication.

      Defendants have no discovery/third-party confirmation as to plaintiff's injuries, so the above is plaintiff's contention.   Defendants contend damages to be calculated as only those that are reasonable and necessary with application of Hanif/Howell and other applicable law, dependent upon the scope of plaintiff's

8

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

claimed damages.

12.  Settlement and ADR

The parties attended the first day of mediation on November 5, 2014 with JAMS and Ken Gack as mediator.    The parties mediated the matter but were unable to resolve it.   Discovery must ensue before the Parties can continue mediation discussions.    The parties have tentatively agreed to a second day of mediation some 120 days out and set a preliminary date of April 3, 2015. Completion of the scheduled mediation is contingent on the results of discovery.

13.  Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

_____ YES  _X_ NO by Plaintiff

14.  Other References

Plaintiff will not agree to binding arbitration.   Defendants Stag Leasing, Inc., Bridge Transport, T. Gregory Stagnitto, and David F. Lopez will not agree to binding arbitration.

15.  Narrowing of Issues

This issue is premature at this time.

16.  Expedited Trial Procedure

This issue is premature at this time.

9
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

17.  Scheduling

Please see exhibit A as a proposed scheduling.

18.  Trial

Jury trial – 7 to 10 day trial.

19.  Disclosure of Non-party Interested Entities or Persons

To Plaintiff's knowledge each party has filed the "Certification of Interested

Entities or Persons" required by Civil Local Rule 3-16.

20.  Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional

Conduct for the Northern District of California.


                                    LAW OFFICE OF GENE H. SHIODA

Dated: December 4, 2014        By:  _____/S/_____
                                    Gene H. Shioda
                                    James A. Kim
                                    Jason Y. Lie
                                    Attorneys for Plaintiff PUAL HOA

                                    John F. Geary
                                    Robert W. Henkels
                                    GEARY, SHEA, O'DONNEL, GRATTAN,
                                    AND MITCHELL

Dated: December 4, 2014        By:  _____//S//_____
                                    John F. Geary
                                    Robert W. Henkels
                                    Attorneys for
                                    David F. Lopez, T. Gregory Stagnitto,

                                    10
         **JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

1   Bridge Transport, Stag Leasing, Inc.

2   KAMALA D. HARRIS
3   Attorney General of California
    MARISA Y. KIRSCHENBAUER
4   Supervising Deputy Attorney General
    MANEESH SHARMA
5   Deputy Attorney General

6

7   Dated: December 4, 2014          By:   _____/s/_____

8                                          Maneesh Sharma
                                           Attorneys for Defendants
9                                          R. Riley, T. Alioto, T. Foss, G. Moon, D.
10                                         Moore, R. Chan, and R. Matteucci

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED

ORDER is approved as the Case Management Order for this case and all parties

shall comply with its provisions.

The Court has re-set the Case Management for _____1/29/15_____ at _____10:30 a.m._____

in this Department.   Joint CMC statement due 1/22/15.

OR

The Court has Adopted and affirmed the Scheduling which is Attached as Exhibit

A.

IT IS SO ORDERED.

Dated:   12/5/14

_____

IT IS SO ORDERED
AS MODIFIED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Judge Edward M. Chen

DISTRICT/
CHEN

12
**JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER**

EXHIBIT A

| Action | Plaintiff | Defendant State | Defendant Non-State |
|---|---|---|---|
| ADR completion date | October 30, 2015 | | |
| Expert Witness disclosure | | | |
| Supplemental expert disclosure | | | |
| Discovery cut off | | | |
| Pretrial motion cut off | November 2, 2015 | | |
| Filing of Joint Pretrial conference statement due 21 days before Joint Pretrial Conference date | January 26, 2016 | | |
| Lodging of Exhibits | January 26, 2016 | | |
| Serving and filing brief of disputed issues of law: Procedural and evidence | January 26, 2016 | | |
| Serving Jury Instructions and proposed findings of fact | January 26, 2016 | | |
| Serving and filing statements from designating information from discovery | January 26, 2016 | | |
| Objections due proposed information from discovery or evidence | January 26, 2016 | | |
| Final Pretrial Conference (Tuesday at 2:30 PM) | February 16, 2016 | | |
| Trial Date (Thursday is dark) | February 22, 2016 | | |
| | | | |
| | | | |
| | | | |
| | | | |

1. **(1)**  Commencement and completion of any ADR proceedings;

2. **(2)**  Disclosure of proposed expert or other opinion witnesses pursuant to Fed. R. Civ. P. 26(a)(2), as well as supplementation of such disclosures;

3. **(3)**  Conclusion of pretrial discovery and disclosure;

4. **(4)**  Hearing pretrial motions;

5. **(5)**  Counsel to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material;

6. **(6)**  Filing joint final pretrial conference statement and proposed order;

7. **(7)**  Lodging exhibits and other trial material, including copies of all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal. Each proposed exhibit must be premarked for identification. Upon request, a party must make the original or the underlying documents of any exhibit available for inspection and copying;

8. **(8)**  Serving and filing briefs on all significant disputed issues of law, including procedural and evidentiary issues;

9. **(9)**  In jury cases, serving and filing requested voir dire questions, jury instructions, and forms of verdict; or in court cases, serving and filing proposed findings of fact and conclusions of law;

10.     **(10)**  Serving and filing statements designating excerpts from depositions (specifying the witness and page and line references), from interrogatory answers and from responses to requests for admission to be offered at the trial other than for impeachment or rebuttal;

11.     **(11)**  A date by which parties objecting to receipt into evidence of any proposed testimony or exhibit must advise and confer with the opposing party with respect to resolving

such objection;

**12.**        **(12)**   A final pretrial conference and any necessary Court hearing to consider unresolved objections to proposed testimony or exhibits;

**13.**        **(13)**   A trial date and schedule;

**14.**        **(14)**   Determination of whether the case will be maintained as a class action; and

15.           **(15)**   Any other activities appropriate in the management of the case, including use of procedures set forth in the <u>Manual for Complex Litigation</u>.