UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HOA, | No. C-12-2078 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING CROSS-DEFENDANTS' MOTION TO DISMISS** |
| RICHARD RILEY, *et al.*, | **(Docket No. 146)** |
| Defendants. | |

David F. Lopez, T. Gregory Stagnito, Bridge Transport, and Stag Leasing Inc. (collectively "Cross-Defendants") have moved to dismiss Richard Riley, Raymond Matteucci, David Moore, Ronald Chan, Tammy Foss, Thomas Alioto, and George Moon's (collectively "Cross-Claimants") cross-complaint for equitable indemnity, contribution and declaratory relief. Cross-Claimants sought equitable indemnity and contribution from Cross-Defendants in the event they are held liable to Plaintiff Paul Hoa for violations of 42 U.S.C. § 1983. Cross-Defendants argue that there is no federal right to indemnification or contribution under 42 U.S.C. § 1983 and thus Cross-Claimants have failed to state a claim under federal law. Cross-Defendants further contend that Cross-Claimants cannot bring claims for equitable indemnity or contribution under state law. The Court **GRANTS** Cross-Defendants' motion to dismiss, because Cross-Claimants may not seek indemnity and contribution under Section 1983, and any such rights under state law would be inconsistent with the goals of Section 1983.

## I. FACTUAL & PROCEDURAL BACKGROUND

For purposes of resolving the present motion, the Court assumes certain facts in the Complaint, which are incorporated by reference into the Cross-Complaint, to be true. *See* Docket No. 138 at ¶ 5. On July 27, 2011, a truck carrying food supplies to San Quentin State Prison ("Prison") and driven by Cross-Defendant Lopez, injured the Plaintiff, Paul Hoa, a prisoner who assisted commercial vehicles coming into the Prison as part of the Prison work program. The truck trapped and crushed Mr. Hoa as it backed up a loading ramp. The Cross-Claimants are employed by the California Department of Corrections and Rehabilitation and, for the most part, either directly or indirectly supervised Plaintiff's work, work area, and/or working conditions. Docket No. 109 ("TAC") at ¶¶ 32-47.

Plaintiff sued Cross-Defendants, alleging claims relating to their ownership or operation of the truck involved in the incident. Cross-Defendant Lopez was an employee of Cross-Defendant Stagnito and drove the trailer truck that backed into the Plaintiff. TAC at ¶ 48. Cross-Defendant Stagnito is an individual doing business under the name Bridge Transport. *Id.* at ¶ 49. Mr. Hoa named Cross-Defendants Stag Leasing and Bridge Transport based on Mr. Hoa's belief that they are shell corporations of Cross-Defendant Stagnito. *Id.* at ¶ 52.

Plaintiff sued the Cross-Claimants (the prison supervisors), alleging that they are liable under 42 U.S.C. § 1983 for (1) deliberate indifference and (2) cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights. Plaintiff's claims against the Cross-Claimants arise from the alleged unsafe procedures, failure to train, and hazardous work area in the warehouse, along with related violations of the CDCR's Department's Operating Manual.  As to the Cross-Defendants (the truck owners or operators) Plaintiff has alleged state tort claims of (1) negligence, (2) negligent supervision, and (3) negligent training. Plaintiff has alleged that Cross-Claimants and Cross-Defendants are jointly and severally liable for his injuries. TAC at ¶ 54.

In June of 2014, Cross-Claimants filed a cross-complaint for equitable indemnification, contribution, and declaratory relief against Cross-Defendants. Docket No. 138. Cross-Claimants' declaratory relief claim seeks a judicial declaration that Cross-Defendants are obligated to indemnify Cross-Claimants or contribute to a judgment against Cross-Claimants. Cross-Claimants argue that,

if they are ultimately found liable, their liability only arose by reason of Cross-Defendants' active and primary negligence. Docket No. 138 at ¶¶ 9, 13.

The State Compensation Insurance Fund served a notice of lien ("Notice of Lien") on the parties in this action on October 31, 2012, which reflected that just under $900,000 in workers' compensation benefits had been provided to Mr. Hoa as of the date of the Notice of Lien.[1] After the hearing on the instant motion, the State Compensation Insurance Fund filed an updated Notice of Lien, which is a part of the case file. The updated Notice of Lien shows that, as of September 18, 2014, the State Compensation Insurance Fund provided approximately $2.1 million in workers' compensation benefits to Plaintiff. Docket No. 154.

Cross-Defendants filed this motion to dismiss on August 4, 2014, arguing that, as a matter of law, (1) 42 U.S.C. § 1983 does not permit claims for indemnification and/or contribution and (2) any state law claims for indemnification or contribution are precluded by the California Workers Compensation Act. *See* Docket No. 146. Cross-Defendants further raised, and the Court received supplemental briefing on, the issue of whether federal law precludes the cross-claims.

## II.   DISCUSSION

A.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading based on a failure to state a claim upon which relief may be granted. A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks v. Sch. Of Bus. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). In considering such a motion, a court must take all allegations of material fact

---

[1] Cross-Defendants' request for judicial notice of a Notice of Lien served by California State Compensation Insurance Fund is granted. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In this case, the Notice of Lien was served on all parties in this action. Moreover the request for judicial notice is unopposed and no party questions the document's accuracy.

3

and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

B.  42 U.S.C. § 1983

A right to contribution among joint tortfeasors did not exist at common law. *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO,* 451 U.S. 77, 86 (1981). Most states have allowed a right to contribution either by statute or judicial decision. *Id.* However, "federal courts, unlike their state counterparts, are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers." *Id.* at 95. A federal right to contribution can therefore arise in only two ways: "first, through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or, second, through the power of federal courts to fashion a federal common law of contribution." *Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 638 (1981). The latter route is limited: there is no federal general common law, and the instances where courts have fashioned federal common law "are few and restricted." *Id.* (citing *Wheeldin v. Wheeler,* 373 U.S. 647, 651 (1963)). Federal common law arises in two categories: (1) where a federal rule of decision is "necessary to protect uniquely federal interests," and (2) where Congress has empowered courts to develop substantive law. *Id.* (citations omitted).

Although *Northwest Airlines* and *Texas Industries* addressed the right to contribution, indemnity and contribution are closely related; in a sense, "indemnity is only an extreme form of contribution." *Slattery v. Marra Bros., 1*86 F.2d 134, 138 (2d Cir. 1951). Thus, the analytical framework for determining the right of contribution has been extended to the right of indemnity.

4

*Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 212 n.3 (9th Cir. 1991).

The Ninth Circuit has concluded that '[t]here is no federal right to indemnification provided in 42 U.S.C. § 1983." *Allen v. City of Los Angeles,* 92 F.3d 842, 845 n.1 (9th Cir. 1996) *overruled on other grounds Acri v. Varian Ass'ns, Inc.,* 114 F.3d 999 (9th Cir. 1997). *Allen* arose from a Section 1983 lawsuit that Rodney King filed against the City of Los Angeles and city police officers regarding certain officers' use of unreasonable force. The Ninth Circuit began its analysis by holding that there was no right to indemnification under Section 1983. *Allen* cited with approval *Banks v. City of Emeryville,* 109 F.R.D. 535 (N.D. Cal 1985). *Banks* involved similar claims to the claims at issue here. In *Banks*, the plaintiffs' decedent burned to death while in the custody of the city jail. 109 F.R.D. at 537. Ms. Banks's body was found on a mattress that had disintegrated in the fire. Plaintiffs brought an action against the city under 42 U.S.C. § 1983. The city filed a third-party complaint against parties involved in the manufacture, distribution, or sale of the mattress, alleging that the mattress was defective. *Id.* at 537-38. The city sought indemnification or contribution. *Id. Banks* held that Section 1983 does not provide for indemnification. *Id.* Noting the absence of clear authority on the issue, *Banks* reasoned that "[t]he Supreme Court made it clear that courts are not free to read a cause of action for indemnity into statutes where no statutory basis exists for such a claim." *Id.* (discussing *Northwest Airlines,* 451 U.S. 77). Where there was "no provision of § 1983, nor any legislative history, to support [third-party plaintiff's] assertion that § 1983 provides for a right of contribution or indemnity," then "any claims for indemnification against third-party defendants based directly upon § 1983 are impermissible." *Banks,* 109 F.R.D. at 539.

Other district courts in the Ninth Circuit, following *Allen* and *Banks*, have likewise concluded there is no right of contribution or indemnification under Section 1983. *See Anselmo v. Mull,* No. 2:12-1422 WBS, 2012 WL 4863661, at *8 (E.D. Cal. 2012) (citing *Allen* and concluding Section 1983 does not provide for a federal right to contribution or indemnity); *AE v. Portillo,* No. 09-2204 LJO, 2011 WL 3740829, at *8 (E.D. Cal. Aug. 24, 2011) ("any claims for indemnification against the third party defendants based directly upon § 1983 are impermissible"); *DeGroff v. Las Vegas Metro. Police Dep't,* No. 2:11-CV-02007-KJD, 2013 WL 1405848, at *2 (D. Nev. Apr. 5,

1  2013) ("The Ninth Circuit has unequivocally held that there is no federal right to indemnification

2  provided in 42 U.S.C. § 1983." (citation omitted)).  Courts in other jurisdictions have reached the

3  same conclusion.  *See Katka v. Mills,* 422 F. Supp. 2d 1304, 1308-09 (N.D. Ga. 2006) (noting "most

4  cases decided since *Northwest Airlines* have held that there is no right to contribution under § 1983"

5  and collecting cases).

6  Cross-Claimants urge the Court to reject the cases from the Ninth Circuit, including *Allen*.

7  Docket No. 151 at 3.  They argue that *"Allen* does not discuss this issue in any depth" and contend

8  that therefore the Court should rely on *Miller v. Apartments & Homes of New Jersey, Inc.,* 646 F.2d

9  101 (3d Cir. 1981), and its progeny.  *Miller* found a right of contribution as a matter of federal

10  common law.  *Miller,* 646 F.2d at 108.  However, while the Ninth Circuit's decision in *Allen* on this

11  issue was brief, its holding is binding in this Court.  Moreover, *Miller* has been called into question

12  by numerous courts, because it was decided without the guidance of *Northwest Airlines* and *Texas*

13  *Industries*.[2]  *See Bank v. City of Philadelphia,* 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014) (noting

14  district courts have questioned *Miller's* precedential value, "[b]ecause *Miller* relied on *Glus*, and

15  *Glus* was subsequently vacated."); *see also Kohn v. Sch. Dist. of City of Harrisburg,* No.

16  1:11-CV-109, 2012 WL 3560822, at *4 (M.D. Pa. Aug. 16, 2012) (concluding that "*Miller* does not

17  survive *Texas Industries*," which implicitly overruled *Miller*); *Diaz-Ferrante v. Rendell,* No.

18  95-5430, 1998 WL 195683, at *4 (E.D. Pa. Mar. 30, 1998) ("Shortly after *Miller* was decided, the

19  United States Supreme Court held that other federal laws did not implicitly create a federal right to

20  contribution[;] . . . the viability of a contribution claim in a § 1983 action is thus dubious.").

21  Under current Ninth Circuit law, there is no right of indemnification under Section 1983.

22  This Court, in line with other district courts, finds that Section 1983 also does not provide the related

23  right of contribution.  Section 1983 has not created such rights expressly or by implication, and no

24  right of contribution or right of indemnification arises under the "few and restricted" areas of federal

25  common law.

---

28  [2] *Miller* was decided two days after *Northwest Airlines* and around one month before *Texas Industries.*

6

C.      42 U.S.C. § 1988

Cross-Claimants also argue that under Section 1988 this Court should look to state law to determine whether a state law right of indemnification or contribution may be recognized under Section 1983. Section 1988 provides that where federal law is

> deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

42 U.S.C. § 1988(a). The purpose of Section 1988 is "to complement the various acts which do create federal causes of action for the violation of federal civil rights." *Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973). In this way, Section 1988 "recognizes that in certain areas 'federal law is unsuited or insufficient "to furnish suitable remedies"'; federal law simply does not 'cover every issue that may arise in the context of a federal civil rights action.'" *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978) (citing *Moor*, 411 U.S. at 703). In other words, "the ultimate rule adopted under § 1988 is a federal rule responsive to the need whenever a federal right is impaired." *Id.* (citation omitted). Analysis of whether a state law applies through Section 1988 requires consideration of Section 1983's policies. *Id.* at 590-92. Those policies include "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Id.* at 590-91.

In *Robertson,* the Supreme Court applied Section 1988 to conclude that a Section 1983 action abated under the survival laws of Louisiana. *Robertson,* 436 U.S. at 590-91. *Robertson,* however, cautioned that the decision should be read narrowly and was "limited to situations in which no claim is made that state law generally is inhospitable to survival of § 1983 actions and in which the particular application of state survivorship law, while it may cause abatement of the action, has no independent adverse effect on the policies underlying § 1983." *Id.* at 594.

Some courts have interpreted Section 1988 as requiring application of state law on contribution. For example, the court in *Kohn*, which rejected *Miller* and concluded there is no

7

statutory right of contribution, determined that Section 1988 permitted borrowing Pennsylvania law on contribution. *Kohn,* 2012 WL 3560822, at *5. In *Kohn,* Pennsylvania's Uniform Contribution Among Joint Tortfeasors Act allowed contribution between joint tortfeasors; the court therefore allowed those claims to proceed pursuant to Section 1988. *Id.*

On the other hand, other courts have concluded that Section 1988 does not permit borrowing state law on contribution, because doing so "would conflict with the policies underlying § 1983." *Hurley v. Horizon Project, Inc.,* No. CV 08-2009-1365, 2009 WL 5511205, at *5 (D. Or. Dec. 3, 2009). The conflict would arise, because a right of contribution would not serve Section 1983's policies of compensation and deterrence. *Id.* As a result, "permitting a right to contribution in this context may weaken one of the primary purposes of Section 1983." *Crews v. Cnty. of Nassau,* 612 F. Supp. 2d 199, 212 (E.D.N.Y. 2009); *see Mason v. City of New York,* 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996) ("Permitting a right to contribution [by borrowing from New York law under Section 1988], however, would weaken Section 1983's deterrent value."); *Koch v. Mirza,* 869 F. Supp. 1031, 1041 (W.D.N.Y. 1994) ("[C]ommon law or statutory indemnity and contribution principles serve different interests than the constitutional values sought to be vindicated in a § 1983 action.").

In *Moor,* the Supreme Court concluded that Section 1988 did not authorize the application of the California Tort Claims Act under which a county could be held vicariously liable for the acts of its deputies and sheriff, to Section 1983. *Moor,* 411 U.S. at 709-10. *Moor* explained that Section 1988 did not "authorize the wholesale importation into federal law of state causes of action—not even one purportedly designed for the protection of federal civil rights." *Id.* at 703-04. Section 1988 prescribes what law to apply to federal civil rights claims; it does not "authorize the federal courts to borrow entire causes of action from state law." *Id.* at 701-04. State law could not be used to assert vicarious liability against a county in light of Congress's deliberate refusal to impose such liability. *Id.* at 709-10.

For the reasons stated above, interpreting Section 1988 as importing a state law right to contribution or indemnification into Section 1983 would conflict with the policies underlying Section 1983 and contravene the guidance in *Moor. See Hurley,* 2009 WL 5511205, at *5 n.6

8

(citing *Moor*, 411 U.S. at 703-04; Martin A. Schwartz, *Section 1983 Litigation: Claims and Defenses* § 16.15[C] at 16–250 (4th ed. 2003)). "[T]he Ninth Circuit has never found that [Section 1988] provides a right to seek contribution." *De Groff,* 2013 WL 1405848, at *3. Absent a contrary directive from the Ninth Circuit, this Court finds the decision in *Hurley*, *Crews*, *Mason,* and *Koch* persuasive.

This Court concludes that Section 1988 does not permit borrowing state law on contribution or indemnification.

D.  State Law

In this case, the parties do not dispute that the applicable state law provides a right of contribution or indemnification. Under California law, "[i]ndemnity either imposes the entire loss on one of two or more tortfeasors or apportions it on the basis of comparative fault." *Coca-Cola Bottling Co. v. Lucky Stores, Inc.,* 11 Cal. App. 4th 1372, 1378 (1992). "[A] defendant may pursue a comparative equitable indemnity claim against other tortfeasors either (1) by filing a cross-complaint in the original tort action or (2) by filing a separate indemnity action after paying more than its proportionate share of the damages through the satisfaction of a judgment or through a payment in settlement." *Henry v. Superior Court,* 160 Cal. App. 4th 440, 449 (2008) (citation omitted). Alternatively, where there is no right of indemnity, and "[w]here a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them." Cal. CCP § 875; *see also* Cal. Civ. C. § 1432 ("Except as provided in Section 877 of the Code of Civil Procedure, a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."). Such right of contribution "shall be administered in accordance with the principles of equity." *Id.* A defendant cannot recover under a theory of both indemnification and contribution; where there is a right of indemnity, there is no right of contribution. *Coca-Cola,* 11 Cal. App. 4th at 1378; *see also* Cal. CCP § 875(f).

The parties disagree regarding (1) whether California's Workers Compensation Act precludes the cross-claims; and (2) whether state law may provide any right of contribution or

9

indemnity or whether such right would conflict with the purposes of Section 1983 and thus be pre-empted.

### 1. The Workers Compensation Act

In their briefs, Cross-Defendants argue that, unlike the cross-claimants in *Banks*, in this case, Cross-Claimants are precluded from bringing claims against Cross-Defendants due to the California Workers Compensation Act ("the Act"). Under California Law, Mr. Hoa was covered by the Act. *See* Cal. Lab. C. § 3370 ("Each inmate of a state penal or correctional institution shall be entitled to workers' compensation benefits provided by this division for injury arising out of and in the course of assigned employment. . . ."). The incident leading to Mr. Hoa's injuries was within the scope of the Act, because Mr. Hoa was "performing service growing out of and incidental to his . . . employment and [was] acting within the course of his employment." Cal. Lab. C. § 3600. Cross-Defendants argue that the Act provides the exclusive remedies for all work-related injuries, and therefore bars the cross-claims of the Cross-Claimant co-employees.

The Act reflects a "compensation bargain" between an employer and her employee. *Privette v. Superior Court,* 5 Cal. 4th 689, 697 (1993), *as modified on denial of reh'g* (Sept. 16, 1993). Broadly speaking the terms of the bargain are as follows:

> The employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations in the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.

*Id.* (citations omitted). "By this means society as a whole is relieved of the burden of caring for the injured workman and his family, and the burden is placed upon the industry." *Moyer v. Workmen's Comp. Appeals Bd.,* 10 Cal. 3d 222, 233 (1973). To effect this compensation bargain, "when the conditions of compensation exist, recovery under the workers' compensation scheme is the exclusive remedy against an employer for injury or death of an employee." *Privette,* 5 Cal. 4th at 697 (citation omitted). This exclusivity rule safeguards the compensation bargain by limiting the liability as to the employer. *Id.* Correspondingly, California Labor Code Section 3600(a) provides:

10

> Liability for the compensation provided by this division, *in lieu of any other liability whatsoever* to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall without regard to negligence, *exist against an employer* for any injury sustained by his or her employees arising out of and in the course of employment and for the death of any employee if the injury proximately causes death . . . .

*Id.* (emphasis added). Thus, for example, if a third party pays damages for a covered employee's injuries, "the Act's limitations on employer liability preclude the third party from obtaining equitable indemnity from the employer." *Privette,* 5 Cal. 4th at 698; *see also* Cal. Lab. C. § 3864 ("[T]he employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."). To permit otherwise would circumvent the limit on employer liability and threaten the bargain embodied in the Act.

Nevertheless, the exclusivity rule is not absolute, even as to the employer. The "workers' compensation exclusivity rule does not apply to an injury resulting from conduct in violation of a fundamental public policy." *Singh v. Southland Stone, U.S.A., Inc.,* 186 Cal. App. 4th 338, 368, (2010). In other words, where claims implicate fundamental public policy considerations, they are "not preempted by the Workers' Compensation Act." *Maynard v. City of San Jose,* 37 F.3d 1396, 1405 (9th Cir. 1994), as amended (Nov. 22, 1994) (discussing retaliation claims). In general, a "public policy is fundamental if it has a basis in constitutional or statutory provisions," such as public policy prohibiting an employer's retaliation for an employee's participation in the investigation of discriminatory practices. *Id.* This is so, because actions in violation of public policy "cannot under any reasonable viewpoint be considered a normal part of the employment relationship." *Huffman v. Interstate Brands Companies,* 121 Cal. App. 4th 679, 695 (2004) (citation omitted).

### a. Third-Party Tortfeasors

Nor does the exclusivity rule "preclude the employee from suing anyone else [*i.e.,* other than the employer] whose conduct was a proximate cause of the injury." *Privette,* 5 Cal. 4th at 697 (1993). Under the Act, an employee's claim for compensation as to his or her employer does not affect his right to sue "any person other than the employer" for damages proximately resulting from

11

his injury or death. Cal. Lab. C. § 3852. In other words, "a plaintiff who recovers workers' compensation from an employer can pursue common law tort actions against third parties for independent acts of negligence." *Waste Mgmt. Inc. v. Superior Court,* 119 Cal. App. 4th 105, 109 (2004). Under this rule, a plaintiff may even sue "the parent company of the plaintiff's employer, as long as there are independent acts of negligence." *Id.* at 110.

Nevertheless, the injured employee should not receive a double recovery, *i.e.,* one recovery from the employer and one from a negligent third-party tortfeasor. Among other things, principles of comparative negligence guide apportionment of liability between the employer and a third-party tortfeasor.[3] *See Associated Constr. & Eng'g Co. v. Workers' Comp. Appeals Bd.,* 22 Cal. 3d 829, 846-47 (1978). If the employer is concurrently negligent, the third-party tortfeasor can seek set-off from the compensation benefits paid. *See Roe v. Workmen's Comp. Appeals Bd.,* 12 Cal. 3d 884, 889 (1974), *holding modified on other grounds by Associated Constr.* ("[T]he inhibition against double recovery is designed to allow the third party a [p]ro tanto reduction of a liability which he shares with a concurrently negligent employer."). Correspondingly, an employer who pays out benefits may bring a cause of action against a third-party tortfeasor to recover compensation payments as well as other emoluments paid, such as salary and wages. Cal. Lab. C. § 3852. Consistent with application of comparative fault, the employer can recover such compensation payments from the third-party tortfeasor "only to the extent the employer's liability in workers' compensation exceeds its share of responsibility for the employee's full tort damages." *Associated Constr.,* 22 Cal. 3d at 847.

        b.    <u>Co-Employee Liability</u>

To prevent backdoor circumvention of the exclusivity provisions in the Act, in 1959, the California Legislature enacted California Labor Code Section 3601, which provides immunity to co-

---

[3] The general principles of comparative liability and apportionment were modified by the California electorate by Proposition 51. "Proposition 51 retains the joint liability of all tortfeasors, regardless of their respective shares of fault, with respect to all objectively provable expenses and monetary losses, but the more intangible and subjective categories of damage are limited to a rule of strict proportionate liability." *Henry,* 160 Cal. App. 4th at 450. Thus, "[i]n any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint." Cal. Civ. C. § 1431.2(a).

12

employees and "severely limit[ed] a preexisting right to freely sue a fellow employee for damages." *Torres v. Parkhouse Tire Serv., Inc.,* 26 Cal. 4th 995, 1002 (2001). Co-employee immunity was deemed necessary, because if injured employees were able to sue their co-employees for actions those co-employees took in the scope of their employment, the application of *respondeat superior* could expose the employer to liability, undermining the exclusivity provisions of the Act. *Id.* Thus, "a co[-]employee is immune from suit to the extent necessary to prevent an end-run against the employer under the exclusivity rule." *Id.* This immunity, however, only extends to co-employees "acting within the scope of employment," reflecting the intent to extend such immunity only to "*respondeat superior* situations." *Id.* Consequently, there are statutory exceptions that permit a civil suit against a co-employee where an "employee proximately causes another employee's injury or death by a willful and unprovoked physical act of aggression or by intoxication." *Id.* (citing Cal. Lab. C. § 3601, subds. (a)(1); (a)(2)).

In this case, Mr. Hoa's claims against his "co-employee" prison supervisors are not precluded by the Act, because he sued his co-employees under Section 1983. "[T]o the extent workers' compensation precludes recovery for other causes of action, it does not preclude recovery for claims involving 'substantive rather than procedural constitutional rights.'" *Jensen v. City of Oxnard,* 145 F.3d 1078, 1084 n.3 (9th Cir. 1998) (citing *Smith v. Fontana,* 818 F.2d 1411, 1419-20 (9th Cir. 1987)). As discussed, *supra*, substantive constitutional rights implicate fundamental public policy. Violations of such rights fall outside the workers' compensation exclusivity rule. The Section 1983 claims that Mr. Hoa has brought against Cross-Claimants involve such substantive constitutional rights. *Jensen,* 145 F.3d at 1084 n.3. Thus, the Act does not preempt Mr. Hoa's Section 1983 claims[4] and does not provide the co-employee prison supervisors with immunity. *Id.*[5]

---

[4] Consistent with these principles, the Cross-Claimant co-employee prison supervisors do not challenge Mr. Hoa's right to bring a cause of action against them. Indeed, the Cross-Claimants seek contribution and indemnity from the Cross-Defendants only in the event the Cross-Claimants are found liable. See Docket No. 138 at ¶¶ 8, 9, 13, 16.

[5] For this reason the Court also rejects the separate argument, alluded to briefly in Cross-Defendants' reply, that it would be inequitable to permit recovery under the Cross-Complaint, because Cross-Claimants would profit at the expense of Cross-Defendants. The case cited by Cross-Defendants involved a claim for indemnity where the settlement by the party seeking indemnity was paid by an insurance carrier. Here, the Cross-Defendants have not shown that any settlement or

### c. No Workers Compensation Preclusion

What is *not* at issue in this case is any claim Mr. Hoa may have against his employer – either direct or indirect. The CDCR and Prison were dismissed as defendants. *See* Docket No. 29. This matters, because the Act and the cases that Cross-Defendants cite concern limitation on the liability of an *employer*. *See State v. Superior Court (Glovsky)*, 60 Cal. App. 4th 659 (1997); *E.B. Wills Co. v. Superior Court,* 56 Cal. App. 3d 650 (1976). The Act demands fixed liability as to the employer, because the defined liability of the employer is a core term of the Act's compensation bargain. *See Schlick v. Comco Mgmt., Inc.,* 196 Cal. App. 3d 974, 978 (Ct. App. 1987) ("The workers compensation system imposes upon the employer the responsibility to pay benefits without regard to fault; at the same time, the employer is assured of a fixed and ascertainable liability and relieved of the prospect of large damage verdicts." (citation omitted)). But those cases are inapposite here.

The trucking-related Cross-Defendants cannot rely on the Act for dismissal of the cross-claims brought against them by the Section 1983 Defendants (*i.e.,* Cross-Claimants). The cross-claims are not precluded by the Act because those claims do not upset or circumvent the compensation bargain struck between Mr. Hoa and his employer for several reasons. First, Mr. Hoa's underlying claims against the Cross-Claimant prison supervisors are not barred by the Act; as discussed above, constitutional claims under Section 1983 are not barred by workers compensation. *Jensen,* 145 F.3d at 1084 n.3. Hence, the underlying claims on which the cross-claims are predicated are outside the Act. Second, Cross-Defendants are not a party to the compensation bargain. The Act specifically allows suits against third parties such as third-party tortfeasors. Cal. Lab. C. § 3852. Suing third-party tortfeasors such as Cross-Defendants does not threaten to undermine the prescribed and limited liability of the employer under the Act, especially where the underlying claims are outside the Act. Nor do the respective claims and cross-claims of Mr. Hoa and Cross-Claimants against Cross-Defendants offend any prohibition on double-recovery; principles of comparative negligence and equity will govern any set-off between workers'

---

judgment was paid or would be paid by an insurance carrier as to the Section 1983 claims alleged against Cross-Claimants. *Cf. Miller v. Ellis,* 103 Cal. App. 4th 373, 382 (2002) (determining that permitting a cotortfeasor who paid nothing in settlement "to obtain 'reimbursement' from [another] for sums he never paid himself would result in unjust enrichment.").

14

compensation benefits paid by the employer's insurer and any judgment against Cross-Defendants. *See Associated Constr.,* 22 Cal. 3d at 846-47.

Thus, Cross-Claimants' cross-claims for contribution or indemnity are not barred by the Act. The Act does not limit the liability of Cross-Claimants or Cross-Defendants in this case. *See Coca-Cola,* 11 Cal. App. 4th at 1378; Cal. Civ. Proc. C. § 875; *cf. Mize v. Atchison, T. & S. F. Ry. Co.,* 46 Cal. App. 3d 436 (1975) (concluding that where workers' compensation is not the exclusive remedy and judgment is rendered against two joint tortfeasors, one of which was the employer, contribution is allowed).

2.     Applicability of State Law

At oral argument Cross-Defendants raised an argument not presented in their papers. In *Mortgages*, 934 F.2d 209, the Ninth Circuit held that where neither the False Claims Act ("FCA") nor federal common law provided a right to indemnity or contribution, there was no right to assert state counterclaims that, if successful, would effectively provide a backdoor right to indemnity or contribution under the FCA. *Id.* at 213. Cross-Defendants argue that, applying *Mortgages,* state law should not allow a right to indemnity or contribution where Section 1988 has been interpreted as not authorizing such a right under federal law. In effect, for the reasons why Section 1988 does not authorize a right of contribution or indemnification – such a right undermines the policy of Section 1983 – state law claims should be preempted.

Because Cross-Defendants' argument regarding preemption was raised for the first time at oral argument, the Court ordered supplemental briefing to allow the parties to develop their positions more fully. *See* Docket No. 155. The Court has considered the parties' arguments and supplemental briefing and concludes that importing state law of indemnification and contribution would be impermissible under Section 1988 and inconsistent with the purposes of Section 1983; the state law right to contribution or indemnification is thus preempted by Section 1983.

First, Section 1988 prescribes when a state law may be imported into a Section 1983. *Nw. Airlines,* 451 U.S. at 97 n.38; *see also* Mortgages, 934 F.2d at 212. Whether such state law applies in a case where Section 1983 supplies the rule of decision is solely a federal question, and that question here is governed by Section 1988 and not by, *e.g.*, state statutory or common law. *Cf.*

15

*Anderson v. Local Union No. 3, Int'l Bhd. of Elec. Workers,* 582 F. Supp. 627, 629 (S.D.N.Y.) *aff'd sub nom. Anderson v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO,* 751 F.2d 546 (2d Cir. 1984) ("The question of whether contribution and indemnity are available under [Title VII of] the federal civil rights laws should be governed by federal law."); *Don King Prods./Kingvision v. Ferreira,* 950 F. Supp. 286, 288-89 (E.D. Cal. 1996), *aff'd sub nom. Doherty v. Wireless Broad. Sys. of Sacramento, Inc.,* 151 F.3d 1129 (9th Cir. 1998) (analyzing right to indemnity as to Cable Communications Policy Act of 1984 under federal law and right to indemnity as to claims against cross-claimant for conversion and intentional interference with prospective economic advantage under state law); *Gilmore v. List & Clark Const. Co.,* 866 F. Supp. 1310, 1313 (D. Kan. 1994) ("[S]tate law creating a right of indemnity or contribution is inapplicable where the defendant's liability, for which indemnity or contribution is sought, arises solely from Title VII."); *In re Olympia Brewing Co. Sec. Litig.,* 674 F. Supp. 597, 608 (N.D. Ill. 1987) (analyzing availability of indemnity and contribution for liability under federal securities law and RICO claims under federal law; analyzing availability of indemnity and contribution as to damages paid out with respect to state law claims under state law). As discussed above, Section 1988 does not allow for the importation of an express or implied right of contribution or indemnification under state law into Section 1983 suits. As governing federal law, Section 1988 disposed of this issue.

Second, even if the applicability of state law on contribution and indemnification were not governed exclusively by Section 1988, such state law is subject to implied preemption under the doctrine of obstacle preemption. There are three types of preemption: express, field, and conflict preemption. *See Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n,* 410 F.3d 492, 495 (9th Cir. 2005). The different types of preemption are not rigidly divided. *See Crosby v. Nat'l Foreign Trade Council,* 530 U.S. 363, 372 n. 6 (2000). Conflict preemption will apply, for example, to claims that range from where "it is impossible for a private party to comply with both state and federal law" to where "under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 372-73 (citations omitted). Whether state law presents such an obstacle is determined through "examining the federal statute as a whole and identifying its

purpose and intended effects." *Id.* If the state law frustrates the operation of the federal act or deprives the act's provisions of their natural effect, "the state law must yield to the regulation of Congress." *Id.* at 373 (citations omitted).

For the reasons discussed above, the rights of contribution and indemnification conflict with Section 1983's goal of deterrence. "Counterclaims for indemnification or contribution by definition only have the effect of offsetting liability." *U.S. ex rel. Madden v. Gen. Dynamics Corp.,* 4 F.3d 827, 830-31 (9th Cir. 1993). It would not enhance compensation for the Section 1983 plaintiff and instead would weaken Section 1983's deterrent value. *Hurley*, 2009 WL 5511705 at *5; *Mason*, 949 F. Supp. at 1079. The instant case well illustrates how the right of contribution conflicts with the policies of Section 1983. The Complaint herein alleges that Cross-Claimants were deliberately indifferent to, among other things, unsafe conditions of confinement and the need for basic precautions to avoid substantial risk of severe injury. Complaint ¶¶ 165-221. Allowing a right of contribution or indemnification in a case like this would allow a deliberately indifferent defendant to offset his liability by shifting it onto a merely negligent tortfeasor. The possibility of such liability-shifting conflicts with the aim of deterrence. *See Hepburn,* 324 F. Supp. 2d at 759. Moreover, indemnification and contribution claims arise out of equitable considerations. *See Nw. Airlines,* 451 U.S. at 88; *see also* Cal. CCP § 875; *Am. Motorcycle,* 20 Cal. 3d at 584 (1978). In a Section 1983 case like this one, those equitable concerns are diminished, because the "level of culpability necessary for § 1983 liability reduces the need to equitably distribute damages among tortfeasors." *Hepburn,* 324 F. Supp. 2d at 759. As the Supreme Court has commented, "partial immunities inconsistent with § 1983 must yield to the federal right." *Felder v. Casey,* 487 U.S. 131, 142 (1988).

Cross-Claimants correctly argue that a state law contribution or indemnity claim is not inconsistent with Section 1983's goal of compensation, because the rule against double recovery of damages prohibits a plaintiff from recovering more than his actual losses. Docket No. 158 at 4-5 (discussing dicta in *Sanders v. Cnty. of Santa Cruz,* No. 5:13-CV-03205-EJD, 2014 WL 4773992, at *8 (N.D. Cal. Sept. 19, 2014)). In this case, however, Plaintiff alleges that Cross-Claimants and

Cross-Defendants are liable to him on a joint and several basis. Joint and several liability[6] provides a plaintiff flexibility to recover up to the full extent of his injuries against any concurrently culpable defendant, which matters, if, for example, a defendant turns out to be "impecunious or otherwise immune from suit." *Rudelson,* 602 F.2d at 1332 (quoting *Am. Motorcycle,* 20 Cal. 3d at 587). The amount of damages owed by each defendant to the plaintiff (or risk of double-recovery) is not enhanced or reduced by the availability of a right to contribution or indemnification.

The conclusion that state claims are preempted here is supported by the Ninth Circuit's decision in *Mortgages*. In *Mortgages*, a mortgage lending company accepted mortgage applications for loans that were insured by the Department of Housing and Urban Development. The loans defaulted, causing millions of dollars in losses to the insurer. After reaching a settlement with the government, Mortgages, Inc. filed a complaint under the FCA on the basis of allegedly false and misleading statements in the loan applications. The government proceeded with the action, and Mortgages remained as qui tam plaintiff. The FCA defendants (the borrowers and related parties) filed third-party complaints alleging breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, negligence, negligent misrepresentation and conspiracy. Pursuant to each of their state law claims, the FCA defendants sought indemnification and/or contribution from Mortgages against any recovery or judgment in favor of the United States. 934 F.2d at 211. Mortgages's motion to dismiss the third-party complaints was denied. Mortgages filed

---

[6] In this case, Cross-Claimants' and Cross-Defendants' liability, if any, would be joint and several, because the alleged injury is indivisible. The Cross-Complaint incorporates by reference the Complaint's allegation that the Defendants are liable on a joint and several basis. *See* Complaint ¶ 54. In turn, the Complaint alleges that the concurrent negligence of all Defendants caused Mr. Hoa an indivisible injury. *Hazle v. Crofoot,* 727 F.3d 983, 995 (9th Cir. 2013) (injury "was clearly indivisible" where the concurrent actions of all defendants were necessary cause the harm).

> This is not the sort of case where one defendant broke the plaintiff's arm and then an hour later, in an unrelated incident, a second defendant broke the plaintiff's leg. Here the injuries were indivisible; all of the defendants, acting concurrently, [are alleged to have] proximately caused [Mr. Hoa's injuries]. Had any one of the defendants exercised due care, none of the injuries would have occurred. Consequently, each defendant is liable for all of the damages stemming from the collision.

*Rudelson v. United States,* 602 F.2d 1326, 1332 (9th Cir. 1979). The Cross-Claimants' and Cross-Defendants' liability would be determined on a joint and several basis. Cross-Claimants do not dispute that the harm at issue is a "single, indivisible injury." *See* Docket No. 158, Supp. Brief at 5.

18

a writ of mandamus after the denial of its motion to dismiss the third-party complaints. *Id.,* n.1. The Ninth Circuit granted Mortgages's petition for mandamus, and remanded the case with instructions that the district court vacate its order requiring Mortgages to answer the third-party complaints.

The Ninth Circuit began its analysis by determining that the FCA does not include an express or implied right to contribution or indemnification. *Id.* at 213. *Mortgages* reasoned that Congress did not intend to create a right to contribution or indemnification under the FCA, because the "FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'" *Id.* The Ninth Circuit also declined to formulate a right of contribution or indemnification under federal common law in light of (1) the express and comprehensive procedures and provisions for enforcement within the FCA and (2) the lack of implication of federal interests. *Id. Mortgages* explained that such rights of action would serve only private interests and would punish relators. Permitting contribution and indemnification would discourage relators from bringing an action, impeding the purpose of the FCA. *Id.* The Ninth Circuit went on to hold that "[b]ecause there is no basis in the FCA or federal common law to provide a right to contribution or indemnity in a FCA action, we conclude that there can be no right to assert state law counterclaims that, if prevailed on, would end in the same result." *Id.* at 214. In other words, the Ninth Circuit found that there was no right to assert state law counterclaims that, if prevailed on, would effectively result in a right to contribution or indemnity in an FCA action, impeding the purpose of the FCA.

Although the case for preemption was particularly strong in *Mortgages*, because the third-party claim there would disincentivize the qui tam plaintiff and threaten to directly undermine the FCA enforcement mechanism, rights of contribution and indemnification likewise conflict with Section 1983's policy and thus stand as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress.

Cross-Claimants' reliance on *Banks* which permitted state law claims is not persuasive. *Banks* was decided before *Mortgages* and does not consider or discuss whether rights of contribution or indemnification are consistent with the goals of Section 1983. The Court declines to follow the portion of *Banks* that concludes that a claim of contribution or indemnification based on a third

19

party's liability under state law constitutes a claim for indemnification "based on state law claims, rather then on § 1983 directly." *Banks,* 109 F.R.D. at 539 (permitting impleader of state law claims); *see also Sanders,* 2014 WL 4773992, at *8 (relying on *Banks*).

### III.   CONCLUSION

For the foregoing reasons, Cross-Defendants' motion to dismiss the cross claim is **GRANTED.** The Cross-Claimants may not seek contribution or indemnity based on Section 1983. State law cross-claims for contribution or indemnity are not precluded by the exclusivity rule of the Workers Compensation Act, but are precluded where, as here, federal law supplies the rule of decision as to the Cross-Claimants and preempts such state claims. The motion to dismiss is therefore **GRANTED**.

This order disposes of Docket No. 146.

IT IS SO ORDERED.

Dated: January 26, 2015

_____
EDWARD M. CHEN
United States District Judge